(No. 20227.—)

WALDO SAVIN, (sued as Walter Savin *et al.*) Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(KARL ONDRASCHEK, Plaintiff in Error.)

*Opinion filed December 18, 1930.*

GALLAGHER, RINAKER & WILKINSON, (ARTHUR R. HALL, and ROY E. ROOS, of counsel,) for plaintiff in error.

MILMINE, BLAKE & CULVER, (CHARLES G. CULVER, of counsel,) for defendant in error.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Karl Ondraschek filed with the Industrial Commission an application for the adjustment of compensation for an accidental injury which it was charged he sustained while employed by Savin & Burge. The arbitrator made an award fixing the weekly installments of compensation and the period during which they should be paid. The Industrial Commission heard additional evidence and approved the award. On review, the circuit court of Cook county set aside the decision of the commission, and by a writ of error, issued upon the employee's petition, the record is here for a further review.

Ondraschek was a chef in Savin & Burge's restaurant in Chicago. The business was conducted by a partnership consisting of Walter Savin and Joseph Burge. On Saturday evening, January 7, 1928, Ondraschek was engaged in dressing rabbits on a chopping block in the kitchen of the restaurant. In the performance of this duty he used a knife and a cleaver in turn and rabbits' blood necessarily accumulated on the block. He laid the knife aside temporarily and took up the cleaver when a young woman, employed in the restaurant as a dishwasher, started to remove the blood from the block with a rag. In wiping she struck the knife in such a way that it inflicted a wound upon the little finger of Ondraschek's right hand. He continued to work in the restaurant until the following Tuesday evening when the infection which resulted from the wound compelled him to leave his employment. A physician was called the next morning, and he treated the infected finger and hand about three months. The arbitrator found that Ondraschek sustained a thirty-five per cent permanent loss of the use of his right hand. Savin acquired Burge's interest in the restaurant, and became its sole proprietor on April 1, 1928.

The only questions presented for decision are, first, whether the defendant in error received notice of the accident within thirty days after it occurred as required by section 24 of the Workmen's Compensation act; and second, if notice was given and it was defective or inaccurate, whether the defendant in error has affirmatively shown that he was unduly prejudiced by such defect or inaccuracy.

The evidence concerning the giving of notice of the accident to the defendant in error is to some extent in conflict. Ondraschek testified that on Tuesday, January 10, he told Savin he had cut his finger on the preceding Saturday; that his hand pained him and he asked Savin to hire a man to take his place in the restaurant; that Savin said he would do so and advised him to exercise his hand and to bathe it in hot and cold water; that Burge, Savin's part-

ner, assisted in the work of the kitchen during Tuesday afternoon and that he, Ondraschek, left in the evening of the same day when he again told Savin of the injury to his finger and of the pain he suffered.

Ondraschek did not, at the time he severed his employment, ask Savin or Burge to provide medical attention for him. About three weeks later, on February 3, however, he requested William Habrecht to ascertain from Savin by telephone, the name of the company in which the latter's firm was insured against accidental injuries as well as the name and address of its physician. Habrecht complied with the request and after Savin inquired about Ondraschek's condition, he informed Habrecht that the firm carried no such insurance.

Walter Savin, the defendant in error, testified that about the middle of December, 1927, Ondraschek complained to him of a pain in his right arm at the elbow and shoulder and that he had neuritis; that neither before nor at the time he quit work at the restaurant did he say that he had been cut or injured; that he, the witness, never held a conversation with Habrecht; that three or four weeks after Ondraschek left the restaurant, his son called the defendant in error by telephone and told him that his father had been hurt in the kitchen and that the latter's arm was in bad condition; that the defendant in error answered he had received no such information, and if Ondraschek was hurt, the injury must have been caused by some person who had massaged his arm; that the son insisted his father had been injured in the kitchen and inquired whether the firm carried insurance against accidental injuries and the reply was in the negative; that several weeks later Ondraschek called at the restaurant with his hand bandaged and received two days' wages owing to him; that while he said he was improving and expected to be able to return to work in two or three weeks, he did not make any reference to any injury suffered in the restaurant; that no per-

son employed by the defendant in error ever told him that Ondraschek had been hurt while on duty and that the first time the witness heard of such an injury was in April, 1928, when he received notice of the application for the adjustment of compensation.

Two employees of the restaurant testified that Ondraschek complained of pain in his arm and shoulder prior to January 7, 1928, but they never heard that he had been injured while at work. They had observed that his arm was swollen and he complained that he was afflicted with rheumatism.

On review before the Industrial Commission additional testimony was heard. Two other employees of the defendant in error testified that Ondraschek's arm was swollen and that he had it rubbed with alcohol. Ondraschek remarked to one of these witnesses that the pain he suffered was rheumatism. The defendant in error testified that, since the hearing before the arbitrator, he had been able definitely to fix the date when Ondraschek's son talked to him over the telephone concerning his father's condition; that it was February 13, 1928; and his earlier testimony with respect to the time that conversation occurred was erroneous, and that he would not have purchased Burge's interest in the restaurant if he had known or understood that Ondraschek had a claim against the partnership.

The evidence introduced by Ondraschek shows two conversations three days after the accident, and a telephone conversation about three weeks later, all of which gave the defendant in error notice of the accident. There was in addition the testimony of the defendant in error before the arbitrator that three or four weeks after Ondraschek left the restaurant his son informed the witness of his father's injury and inquired whether the firm carried insurance against accidental injuries. The evidence was sufficient to justify the findings of the arbitrator and the commission that notice of the accident was given within the time prescribed

by the Workmen's Compensation act. (*Simpson Co.* v. *Industrial Com.* 337 Ill. 454; *Heyworth* v. *Industrial Com.* 321 id. 298; *Valier Coal Co.* v. *Industrial Com.* 320 id. 69; *Parker-Washington Co.* v. *Industrial Board,* 274 id. 498). Moreover, the findings of the Industrial Commission will not be disturbed unless they are against the manifest weight of the evidence. (*Simpson Co.* v. *Industrial Com. supra; Hahn* v. *Industrial Com.* 337 Ill. 59; *Allen-Garcia Co.* v. *Industrial Com.* 334 id. 390; *County of Cook* v. *Industrial Com.* 327 id. 79). The weight of the evidence sustains the decision of the commission that notice of the accident was given within thirty days after it occurred.

The defendant in error testified before the Industrial Commission that he would not have bought his partner's interest in the business if he had known that Ondraschek had a claim for compensation. In his testimony before the arbitrator he fixed the time Ondraschek's son notified him of his father's injury at three or four weeks after the latter had terminated his employment. Later, on review before the commission, he changed the time of the receipt of this notice to February 13, 1928, which was more than thirty days after the accident occurred. He also testified before the arbitrator that he had never heard of Ondraschek's injury until April, 1928, when he was notified of the filing of the claim for compensation. Whether he received notice of the father's injury from the son at the time he fixed when he first testified or on February 13, 1928, as he later determined, is for the present purpose immaterial. He received notice from the son, according to his own testimony, either late in January or on February 13, 1928, and necessarily had knowledge of the accident and of Ondraschek's injury prior to April 1 of the same year when he bought his partner's interest in the business and became its sole proprietor. He acquired that interest with notice of Ondraschek's claim for compensation and no defect or inaccuracy in the notice having been shown, he cannot complain that

he was prejudiced by the subsequent assertion of the claim within the time prescribed by the Workmen's Compensation act.

The judgment of the circuit court of Cook county is reversed and the award made by the Industrial Commission is confirmed. *Judgment reversed and award confirmed.*