(No. 22196.—

THE PULLMAN COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(JOSEPH H. BERTOLIN, Defendant in Error.)

*Opinion filed February 23, 1934—Rehearing denied April 10, 1934.*

G. A. KELLY, C. S. WILLISTON, and J. A. O'CONNELL, for plaintiff in error.

PEREGRINE & BRUEGGER, for defendant in error.

Mr. JUSTICE FARTHING delivered the opinion of the court:

A writ of error has been awarded by this court to review the record in this case. The record shows that the defendant in error, Joseph H. Bertolin, (hereinafter called the employee,) was employed, and had been for more than a year prior to December 5, 1930, by the Pullman Company, plaintiff in error (hereinafter called the employer). On September 15, 1931, at a hearing before an arbitrator of the Industrial Commission the parties stipulated that they were operating under the provisions of the Workmen's Compensation act of Illinois on December 5, 1930; that on that date the relation of master and servant existed between them; that on account of an alleged injury, demand for compensation was made by the employee upon the employer within the time limited by law; that the employee's average weekly wage was $30; that first aid, medical, surgical and hospital services were not provided by the employer on account of such injury, and that no compensation was paid to the employee. On September 24, 1931, the arbitrator made an award finding that on December 5, 1930, the employee sustained accidental injuries which arose out of and in the course of his employment; that notice was given the employer and demand for compensation was made within the time required under the provisions of the act, and that the annual earnings of the employee during the year preceding the accident were $1560 and his average weekly wage was $30. The arbitrator also found that the employee had four children under sixteen years of age at the time of the injury, and that he was entitled to $19.50 per week from his employer for a period of 41 weeks. The award also contained a finding that the employee was under total disability during the period named and that the disability was temporary and had not yet reached a permanent condition. On July 26, 1932, a hearing on review was had, and on August 10, 1932, the cause

was argued orally before the commission. On February 19, 1932, the employer gave written notice to the employee, and on July 18, 1932, the employee gave oral notice to the employer, that they, respectively, would introduce additional testimony at the hearing on review. On November 7, 1932, the commission filed its award, by which it set aside the award made by the arbitrator and found that the employee was totally and permanently disabled by the injury, and he was awarded $20 per week for a period of 235 weeks, and thereafter, commencing on June 12, 1935, a pension for life at the rate of $31.33 per month. The cause was taken to the circuit court of Cook county by *certiorari,* and that court entered an order approving and confirming the decision of the Industrial Commission.

It is claimed by the employer that the employee failed to prove by a preponderance of the evidence the fact of the injury, that notice was given within thirty days from December 5, 1930, and also that the employee was totally and permanently disabled. The employer also claims that there was error in permitting Dr. Albert Field to testify at the hearing before the commission on review.

Bertolin testified that while he was attempting to put in place a universal valve on the under-side of a car at the plant of his employer on December 5, 1930, his arm became tired. He shifted his hold to keep from dropping the 135-pound valve on his feet, and strained his back so that it hurt him and forced him to kill time and do only light work the remainder of the day. He testified that he told the employment manager, John R. Wares, about the injuries to his back when Wares called at his home about ten days later to investigate with reference to group insurance. Wares denied this notice but stated that he did call on the employee for the purpose indicated, and said: "I don't suppose I remember everything Joe said that day; it was a long while ago." Ware's testimony is all that the record contains which in any way contradicts the

positive testimony of notice given by the employee. There is considerable similarity between this case and that of *Savin* v. *Industrial Com.* 342 Ill. 41. In both cases there is a denial of the notice testified to by a witness for the employee. In that case we held, however, that the evidence was sufficient to justify the finding of the arbitrator and the commission that notice was given within the prescribed time. We cannot say in this case that the arbitrator and the commission were not warranted in finding that the employee gave the statutory notice or that he failed to prove the fact of such notice by a preponderance of the evidence.

No witness directly contradicted the employee's testimony that he received an injury on December 5, 1930. It is sought by the employer to negative such an injury by circumstances and inferences, but the positive testimony remains uncontroverted otherwise. In addition, Dr. LaBash, the attending physician, testified, when called as a witness for the employer, that he found on the night of December 5, 1930, Bertolin had a swelling in his lower lumbar region and could hardly move. The evidence does show that the employee had suffered from neuralgia in his neck on two prior occasions, but it shows, also, that for nine months previous to the time in question he had been doing heavy work, requiring a strong back. There is no dispute among the physicians who testified that the employee had an arthritic back and that a strain such as he claimed to have received would tend to aggravate such a condition. It is not denied that the condition found, under the circumstances, is one that a trauma could cause. The employer sought to show that the valve which the employee testified he was working on was not stenciled until December 6, 1930, and was not actually applied to the car which was being remodeled until Monday, December 8, 1930. It was a new valve, which needed no inspection. The employee stated that he got it from the store room himself, that

he had done this many times before, and that he did not pay any attention to whether it was stenciled. Again we are of the opinion that the evidence sufficiently proved the fact of an injury to the employee, as found by the arbitrator and commission.

While the employer gave notice that it would offer additional testimony at the hearing on review before the commission, the only testimony taken at this hearing was that of the employee and Dr. Field, who testified for him. At the hearing on review the only grounds of objection to the additional testimony offered on behalf of the employee were, that it was not proper to show what further temporary total disability or permanent disability the employee suffered after September 15, 1931, (the date of the hearing before the arbitrator,) and that the employer had not had opportunity to prepare its defense to such testimony and was therefore taken by surprise. These general objections are not argued here and are abandoned. It is now claimed that because Dr. Field did not furnish the employer a copy of his findings from his examination of the employee, in accordance with the provisions of the Workmen's Compensation act, it was improper to permit him to testify. The employer might have made such an objection had it seen fit to do so, but since it did not, the right to object was waived.

Dr. Field testified that in his opinion the employee was totally and permanently disabled. This was more than nineteen months after the accident. His testimony was not contradicted. The employee testified that he had grown worse instead of improving and that he was then unable to do any work. He came to the second hearing on leave from a veterans' hospital. It was necessary for him to wear a surgical corset or brace to support and strengthen his back. Although the medical testimony is conflicting, the X-ray findings and testimony of other physicians besides Dr. Field in our opinion sufficiently estab-

lish the disability of the employee. It appears from his own testimony that he had made efforts to work subsequent to the hearing before arbitrator and that he had earned four or five dollars a week doing odd jobs, such as janitor work, some months before the hearing on review. At the time of the second hearing he was unable to do any work, and there was a distinct limitation or restriction of both the forward and lateral movements of his body. Dr. Field testified that you could hardly reduce the deformity in his back by manipulation and that the muscles in the region of his lumbar spine were rigid. He stated that in his opinion Bertolin could not do any work requiring the bending of his back and that it was necessary for him to wear the surgical corset or brace to hold his back rigid. The evidence clearly shows that the employee is permanently injured. He is totally incapacitated for any sort of work in which stooping and lifting are involved. The record shows the employee is a steam-fitter and that his education is limited. He is fitted only to perform manual labor. This presents the same situation as that in *Biker* v. *Industrial Com.* 328 Ill. 641. The conclusion we have reached here is the same as that reached under similar facts in that case.

Without setting out the discussion in *Postal Telegraph Co.* v. *Industrial Com.* 345 Ill. 349, what was there said is peculiarly applicable to the facts here and fully covers what is required to show total permanent disability on the part of an employee. Total incapacity does not mean total immobility. Furthermore, the employer's rights are safeguarded by the provision giving it the right to appear and have the award modified or set aside if at any time in the future Bertolin's condition improves. *Postal Telegraph Co.* v. *Industrial Com. supra.*

For the reasons indicated the judgment of the circuit court is affirmed. *Judgment affirmed.*

Mr. Justice Shaw, dissenting.