(No. 4252

RALPH E. TREPANIER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 7, 1950.*

LINDSCHIN & PUCIN, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, on December 16, 1949, filed his complaint in this Court, seeking to recover under the Workmen's Compensation Act for injuries allegedly sustained in an accident arising out of and in the course of his employment.

Respondent filed a motion to dismiss based on the ground that no notice was given to respondent until more than thirty days after the accident.

The verified complaint alleges that the accident occurred on July 23, 1949, and notice was served on respondent on September 7, 1949. The following allegations of the complaint explain the reason for claimant's delay in notifying respondent:

"I was asked to take care of Winnebago County at the time of the accident in addition to covering five (5) other counties in Northern Illinois. I worked alone and my superior was located at Springfield. My injury did not appear serious at first and I hoped that the pain would ease up shortly. My vacation occurred the first two weeks in August, during which time I went away for a rest to relieve the pain. When I got home, I found a letter stating that I would be re-placed and continued to remain at home while being treated by Dr. H. Floyd Cannon. It was not until I failed to respond satisfactorily to medical treatment that I finally realized how serious my injury was and requested Dr. H. Floyd Cannon to notify the proper authorities.

The above quoted allegations of the complaint, coupled with others, conclusively show that no superior of claimant had knowledge of the facts and circumstances of the accident until claimant's own doctor notified the State Fire Marshal by a report dated September 7, 1949. No medical, surgical or hospital treatments have been furnished claimant, and no compensation has been paid.

The giving to an employer of notice of the accident within thirty days, unless the employer otherwise has

knowledge thereof, is jurisdictional under Section 24 of the Workmen's Compensation Act. *Stuenkel* v. *State,* 16 C.C.R. 34; *Powers Storage Co.* v. *Ind. Com.,* 340 Ill. 498; *Pullman Co.* v. *Ind. Com.,* 356 Ill. 43; *Gray Knox Marble Co.* v. *Ind. Com.,* 363 Ill. 210; *Armour & Co.* v. *Ind. Com.,* 367 Ill. 471; *Brown Shoe Co.* v. *Ind. Com.,* 374 Ill. 500.

The verified complaint herein, on its face, shows failure to comply with one of the jurisdictional prerequisites of the Workmen's Compensation Act and the motion of respondent to dismiss must be sustained.

Motion of respondent to dismiss granted and case dismissed.