480

NATIONAL MALLEABLE AND STEEL CASTING COMPANY, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(JOHN BOULWARE, Plaintiff in Error.)

*Opinion filed September 21, 1950.*

ELMER A. JOHNSON, of Chicago, (CHARLES D. SNEWIND, of counsel,) for plaintiff in error.

Mr. JUSTICE FULTON delivered the opinion of the court:

Application for adjustment of claim was filed with the Industrial Commission by John Boulware on May 21, 1945, alleging that on March 12, 1945, he received an accidental injury arising out of and in the course of his employment by the National Malleable and Steel Castings Company. Liability was denied by defendant in error. Later on at a hearing before the arbitrator the plaintiff in error was permitted to amend his application, on its face, with reference to the date of the accident, to read "on or about January 29, 1945," instead of March 12, 1945.

The arbitrator entered an award on March 11, 1946, finding that the plaintiff in error sustained accidental in-

juries which arose out of, and in the course of, his employment, resulting in 30 percent permanent loss of the use of the left arm and ordered compensation at the rate of $17.63 per week for 67½ weeks. On February 19, 1947, the Industrial Commission sustained and confirmed this award. Thereafter the superior court of Cook County on November 9, 1947, held that the decision of the commission was contrary to law and contrary to the manifest weight of the evidence, and accordingly set aside and reversed its decision. We have allowed the petition for writ of error of the employee, John Boulware.

No reply to the petition for writ of error has been filed in this court. The questions argued by plaintiff in error are:

1. Did the plaintiff in error sustain an accidental injury arising out of and in the course of his employment?

2. Did defendant in error have notice of the alleged accidental injury, if any?

The proof on the part of claimant shows that he had been employed by defendant in error for about 12 or 13 years. On the date of the accident, while working as a relief man on a conveyor, he was walking from one car to another and his pants cuff caught on the coupling bar, causing him to fall two feet to the cement pavement below, striking his left shoulder. He was picked up by two other employees immediately afterwards. One of the employees left the company shortly afterwards for the armed services. The other employee, Leonard Jackson, testified that he saw Boulware when he was down on his left shoulder and that he and one Ernest Page helped him up; that Boulware's leg was hooked into the conveyor; that he, Jackson, snatched him loose, and when asked if he was hurt, Boulware replied that he did not know; that he, Jackson, saw the foreman about a half hour later and told him about the accident; that Boulware afterwards was worrying about his shoulder and was not able to do hard work.

However, he still carried on his relief job, and was working the afternoon of the same day. On cross-examination, Jackson said he had talked to one Jerry Vodicke about the accident and signed a statement on July 26, 1945.

Claimant further testified that after he was injured he went to the company dispensary and consulted Dr. Baker, who was in charge of the first-aid department of defendant in error, who rubbed his shoulder with liniment, and told Boulware to come back when he was through work that afternoon. He did so and Dr. Baker taped his whole shoulder and taped it about once a week thereafter. He also called upon a Dr. Joslyn. He later was treated by Dr. Baker, who administered light and heat to his shoulder. He stated that he had never been in an accident before and that his shoulder hurt all the time, which prevented him from doing the same work he previously had done before the accident. He further stated that he saw the foreman about three weeks after the injury and notified him about the condition of his shoulder, that he also told the foreman he would have to have lighter work. At the time of the hearing, claimant was back working at his regular job.

Dr. George C. Coe, a graduate physician and surgeon, testified in behalf of claimant, and, after expressing in detail the results of a clinical and X-ray examination in technical language, gave as his opinion that the claimant's left shoulder was injured, causing a limitation of motion at the shoulder joint, which interfered with the function of usefulness of the arm and caused an inability to perform all functions of the arm as a result. Dr. Charles W. Baker testified in behalf of defendant in error and introduced a copy of a record in his office, the entries on which disclosed treatment of claimant, consisting of taping the shoulder, liniment and analgesic dressings, on several different occasions; that between January 1, 1945, and April 28, 1945, he had personally administered treatment to claimant fourteen times.

Dr. W. W. Patrick, physician and surgeon called by defendant in error, testified that he found some slight evidence of injury at the outer end of the clavicle of claimant's left shoulder but declared there was no weakness in the shoulder joint. His opinion was that the injury to claimant's shoulder would be temporary and would heal in a short time. He also stated that there was a healing by calcification and that the usefulness of the arm was impaired very little.

On the question of notice to the employer, it is clearly shown that claimant not only told the foreman about the accident but the witness Jackson also talked to the foreman and related the incident. In addition, the claimant applied to Dr. Baker in charge of the first-aid department for defendant in error, and received treatments from him or his office frequently after the accident. We feel that the evidence is sufficient to justify a finding that the employer had notice of the accident within the thirty-day period required by the statute, and, as there was no evidence of concealment of the claim, the finding of sufficient notice will not be disturbed. (*Armour & Co.* v. *Industrial Com.* 367 Ill. 471; *Savin* v. *Industrial Com.* 342 Ill. 41.) There is evidence in this record which shows that claimant sustained an accidental injury arising out of, and in the course of, his employment, the extent of which was subject to controversy.

We have often said that where the evidence is conflicting upon the question whether an employee has received an accidental injury arising out of his employment, the question is one of fact, and this court will not disturb the finding of the Industrial Commission upon such contested question unless the same is contrary to the manifest weight of the evidence. *Town of Cicero* v. *Industrial Com.* 404 Ill. 487; *Perkins Products Co.* v. *Industrial Com.* 379 Ill. 115.

Because of the facts presented in this case and the reasonable inferences arising therefrom, it cannot be said that

the decision of the Industrial Commission is against the manifest weight of the evidence. We, therefore, feel that the finding of the Industrial Commission was correct and the superior court erred in setting it aside.

For the reasons advanced, the judgment of the superior court is reversed and the cause remanded to that court with directions to confirm and reinstate the award of the Industrial Commission.

*Reversed and remanded, with directions.*