(No. 37319.—

FENIX-SCISSON CONSTRUCTION COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(CECIL BIRT, Defendant in Error.)

*Opinion filed March 22, 1963.*

WALKER & WILLIAMS, of East St. Louis, (DAVID B. STUTSMAN, of counsel,) for plaintiff in error.

MALCOLM D. DURR, of Alton, for defendant in error.

Mr. JUSTICE HOUSE delivered the opinion of the court:

The sole issue here is whether notice of the alleged accident was given to the employer within the 45-day period prescribed by statute.

The facts regarding notice are very brief and largely undisputed. Claimant's great toe was struck on Monday, November 9, 1959, by a heavy board which fell a distance of seven feet. The toe became sore the following Saturday and Sunday, and on Monday, November 16, he told his foreman at the plant that his toe was sore and that he was going to see his family doctor, but he said nothing about the accident. He was examined by his doctor the same day, who told him that the injury was the result of the November 9 accident. His toe became black and it was amputated on November 25. He was discharged from the hospital on December 11. His employer was notified of the accident on December 28, 1959, or 49 days after the accident.

Claimant contends that a telephone call from his wife to the foreman constituted notice. She made the call on November 25, and testified that she said: "I told him Mr. Birt was in the hospital; that he wanted him to come to the hospital; that he had some business he wanted to talk over with him; I don't know whether Mr. McIntyre came to the

hospital". In response to a question as to whether she had explained the nature of the business, she replied that she had said her husband was sick and wanted to talk to McIntyre (the foreman), but that she had said nothing about the accident. She further testified on redirect examination: "Mr. McIntyre said he would go see Mr. Birt as soon as he had time".

Upon this record the arbitrator rendered a decision that the claimant failed to give notice within the statutory period of 45 days and the Commission sustained the arbitrator. The trial court reversed, holding that sufficient notice had been given to satisfy the statute, and remanded to hear evidence. No additional evidence was presented and the Commission made an award and entered its "decision pursuant to remanding order". The trial court then affirmed, and we allowed petitioner's writ of error.

Section 6 of the Workmen's Compensation Act, (Ill. Rev. Stat. 1961, chap. 48, par. 138.6(c)) provides: "No proceeding for compensation under this Act shall be maintained unless notice of the accident has been given to the employer as soon as practicable, but not later than 45 days after the accident".

Claimant places much reliance upon *Raymond* v. *Industrial Com.*, 354 Ill. 586. The facts there readily distinguish it from this case. The employer had actual notice within a week through one of its physicians (who was a son of the employee) that the employee was sick and disabled, although the exact cause was unknown. The employer's doctors made a wrong diagnosis, and it was not until an operation was performed that there was a positive diagnosis of lead poisoning, an occupational disease. It was pointed out that the facts were known by both parties and the employee should not be bound to draw the correct medical inference from those facts and the employer be excused from doing so. The rationale of *Consumers Co.* v. *Industrial Com.*, 364 Ill. 145, and *Quaker Oats Co.* v. *Industrial Com.*

414 Ill. 326, is that an employee or his dependent is required to place the employer in possession of the known facts within the statutory period, but that a defect or inaccuracy in the notice is not a bar unless the employer is unduly prejudiced thereby.

In the case now before us there was no disclosure at any time of the fact that an accident had occurred, although the employee knew of the occurrence at once and was informed one week later that his injury was the result of the falling board. There is no showing that the employer had actual knowledge of the accident until after the 45-day period had expired. The telephone call by the wife on November 25 did not constitute notice of an accident, defective or otherwise. Nothing whatsoever was said about an accident or any involvement on the part of the employer either then, or at any other time. The element of prejudice to the employer is pertinent only where notice is given but it is indefinite or incomplete.

We agree with the commission that no notice was given. The judgment of the circuit court of Madison County is therefore reversed and the award set aside.

*Judgment reversed; award set aside.*