(No. 38551.—

HOEFFKEN BROTHERS, INC., Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(FRED C. CLARK, Appellee).

*Opinion filed Sept. 29, 1964.—Rehearing denied Nov. 23, 1964.*

THOMAS Q. KEEFE, of East St. Louis, for appellant.

MARTIN SCHIFF, JR. of St. Louis, Missouri, and DAVID B. STUTSMAN, of East St. Louis, for appellee.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

The circuit court of Madison County affirmed the decision of the Industrial Commission, which had sustained the decision of the arbitrator, in awarding workmen's compensation to the claimant Fred C. Clark, however, adding to the award $151 in medical expenses. The case is here on direct appeal pursuant to Supreme Court Rule 28—1, and the sole issue is whether notice of the alleged accident was given to the employer within 45 days prescribed by statute.

It is undisputed that the accident took place on May 2, 1961, when Clark was assisting two coemployees in lifting a heavy generator onto the bed of one of the employer's trucks. Clark, a foreman in charge of the bridge and overpass portion of the construction job, testified that as he was lifting the generator, he experienced pain in his back, and he remarked to Richard Grennan and Lawrence Whitehouse, "I hurt my back." Grennan, who was foreman of the concrete pouring gang working on the roadway underneath the bridge testified that he and Whitehouse went up to the bridge to borrow Clark's generator, and that he asked Clark to help him lift the generator onto the truck. As the generator was being lifted he heard Clark, who was lifting on the heavy side of the generator, complain that he had hurt his back, and he saw Clark go over and sit down on the curb. Whitehouse, a member of Grennan's construction gang, confirmed Grennan's version of the accident.

The employer contends that under these facts, the employer had no knowledge of the alleged accident within 45 days, and that no notice was given until 66 days after the accident when the claimant returned to his job, a week after being discharged from the hospital, when he told one Willis, who was superintendent on the job.

The employer places much reliance upon *Fenix & Scisson Construction Co.* v. *Industrial Com.* 27 Ill.2d 354, where "claimant's great toe was struck on Monday, November 9, 1959, by a heavy board which fell a distance of seven feet.

The toe became sore the following Saturday and Sunday, and on Monday, November 16, he told his foreman at the plant that his toe was sore, and that he was going to see his family doctor, *but he said nothing about the accident."* (Emphasis ours.) He gave no other notice to the employer of the accident until 49 days thereafter.

The facts there are readily distinguishable from this case. Here another foreman and another worker, although on a different crew, but employed by the same employer, actually witnessed and heard the claimant say he had hurt his back, and we feel that this evidence is sufficient to justify a finding that the employer had notice of the accident within the 45-day period required by the statute, and as there was no evidence of concealment of the claim, the finding of sufficient notice by the arbitrator, the Commission, and the circuit court, will not be disturbed. (*National Malleable and Steel Casting Co.* v. *Industrial Com.* 406 Ill. 480.) Nor do we regard this holding as affecting our decision in *Gray Knox Marble Co.* v. *Ind. Comm.* 363 Ill. 210, and similar cases, that complaint to a co-employee below the rank of foreman is insufficient, for here the notice was to another foreman who had requested claimant's assistance.

The Workmen's Compensation Act, providing that no proceeding for compensation shall be maintained unless oral or written notice of accident is given the employer no later than 45 days after the accident, is to be liberally construed to the extent that it is consistent with protection of the employer against unjust claims, as the statute provides that "no defect or inaccuracy of such notice shall be a bar * * * unless the employer proves that he is unduly prejudiced" thereby. *Republic Steel Corp.* v. *Industrial Com.* 26 Ill.2d 32, 41.

The Workmen's Compensation Act is a humane law of remedial nature, and wherever construction is permissible its language is to be liberally construed to effect its purpose, which is that the burdens of caring for the casualties of industry should be borne by industry and not by the indi-

viduals whose misfortune arises out of the industry, nor by the public, and every injury sustained in the course of an employee's employment which causes a loss to the employee should be compensable. *Shell Oil Company* v. *Industrial Com.* 2 Ill.2d 590.

The judgment of the circuit court of Madison County is affirmed.

*Judgment affirmed.*