(No. 39715.—

CHICAGO SCREW COMPANY, Appellant, *vs.* THE INDUSTRIAL
COMMISSION *et al.*—(RUTH C. WALLEN, Admx., Appellee.)

*Opinion filed May 23, 1966.—Rehearing denied September 21, 1966.*

FRANCIS M. DISCIPIO and RICHARD H. WILLIAMS, of
Chicago, (GERARD A. FACCHINI, of counsel,) for appellant.

KALINICH & PLATT, of Glen Ellyn, (JACK SACHS and
JOSEPH B. PLATT, of counsel,) for appellee.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This is an appeal by the employer, Chicago Screw Company, from an award of the Industrial Commission under
the Workmen's Compensation Act based upon its finding
of permanent disability of an employee, Earl E. Wallen,
since deceased. The circuit court of Cook County affirmed
the Commission.

The original application, filed under the Workmen's
Occupational Diseases Act on May 27, 1963, alleged the
approximate date of disablement as January 15, 1963. A
motion was made on March 18, 1964, the first day of the

hearing before the arbitrator, to amend the application to assert a claim for disability under the Workmen's Compensation Act because of a misconception of remedy. An attempt was made to substitute June 2, 1962, as the date of injury, rather than January 15, 1963. The arbitrator said he would rule on the amendment and decide whether there had been a misconception of remedy at the conclusion of the hearing. The employee then elected to proceed under the Workmen's Compensation Act and stand on January 15, 1963, as the date of injury. The employer's primary objection is lack of notice, and it contends that because of failure to give notice of injury, any award made was invalid. Section 6(c) of the Workmen's Occupational Diseases Act, (Ill. Rev. Stat. 1965, chap. 48, par. 172.41(c),) provides that no proceedings may be maintained unless notice of disablement shall have been given the employer "as soon as practicable." Section 6(c) of the Workmen's Compensation Act, (Ill. Rev. Stat. 1965, chap. 48, par. 138.6(c), employs practically identical language, but with the added phrase, "but not later than 45 days after the accident."

The solution does not lie in resolving the question of whether giving notice by filing the claim 132 days after the alleged disablement was as soon as practicable because a further notice provision in the Workmen's Compensation Act. Section 19(a)1, (Ill. Rev. Stat. 1965, chap. 48, par. 138.19(a)1,) provides that when a claimant misconceives his remedy and files under the Workmen's Occupational Diseases Act, he may amend his application in both form and substance to assert claim for disability under the Workmen's Compensation Act and the amended application shall be deemed to have been filed, as amended, on the date of the original filing. A notice proviso then follows: "Nothing in this Section contained shall be construed to be or permit a waiver of any provisions of this Act with reference to notice but notice if given shall be deemed to be a notice

under the provisions of this Act if given within the time required herein." Thus, a notice, if given under the Occupational Diseases Act, would suffice as a notice under the Compensation Act provided that it was given within 45 days.

But, there is no proof of notice to the employer of any ill-being following the incident of January 15, 1963, and the first showing even of knowledge on the part of the employer was the filing of the claim. The only proof of the happenings on that date came from the employee, who said: "I felt the same thing all over again. [Apparently referring to a heart attack suffered during the previous year on June 2, 1962.] My heart began to pound and I had to sit down and rest." In reply to a question of whether he continued to work there he said, "not after that day." The record is devoid of a report of the incident to his employer or complaint to his fellow-workers. His physician testified that he saw the claimant on February 21, 1963, and at that time his ankles and legs were swollen and edematous, he was very short of breath, he walked slowly and there were several moist rales on his lungs.

Over the strenuous objections of employer's counsel, the claimant described the loading, moving and use of a heavy machine mounting a compressor for use in painting lines on a parking lot and a severe heart attack while operating the machine on June 2, 1962, which culminated in his removal to a hospital while unconscious. The collapse on June 2, 1962 was diagnosed as acute myoinfarct, and it is argued that the employer had ample basis of knowledge of employee's seizure. An attempt is made to tie the June 2, 1962, knowledge by the employer to the January 15, 1963, incident by saying: "In the instant case, the employee twice collapsed at work suffering a severe heart attack the first time and a complete relapse the second time." Apparently this is for the purpose of showing that the employer was

constructively put upon notice. As heretofore noted there was no collapse on January 15, 1963, as there had been on June 2, 1962. He was not even treated until February 21, 1963, and was not hospitalized until June 28, 1963. His physician's diagnosis was primarily cardiac decompensation and his examination showed that claimant was very dyspneic and had edema of the chest and lower extremities.

Claimant directs our attention to that part of section 6(c) of the Workmen's Compensation Act (par. 138.6(c),) which provides that no defect or inaccuracy of notice shall bar recovery unless the employer proves that he is unduly prejudiced thereby. This court has been liberal in construing notice, (see *e.g. Quaker Oats Co.* v. *Industrial Com.* 414 Ill. 326; *Republic Steel Corp.* v *.Industrial Com.* 26 Ill.2d 32; *City of Rockford* v. *Industrial Com.* 34 Ill.2d 142,) but where, as here, there is no notice at all, that portion of section 6(c) does not apply. (See *Fenix-Scisson Construction Co.* v. *Industrial Com.* 27 Ill.2d 354; *Hoeffken Brothers, Inc.* v. *Industrial Com.* 31 Ill.2d 405.) To hold otherwise would render the 45-day notice provision totally inoperative.

The judgment of the circuit court of Cook County is reversed and the award of the Industrial Commission is set aside.

*Judgment reversed; award set aside.*