(No. 40807.—

WILLIAM RISTOW, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(Amanda E. Johnson *et al.,* Appellees.)

*Opinion filed March 28, 1968.*

CHARLES WOLFF, of Chicago, for appellant.

KENNETH F. KOUTSKY and ROBERT A. SPRECHER, both of Chicago, (MORRILL, KOUTSKY, KLOMANN & CHUHAK, of counsel,) for appellees.

Mr. JUSTICE WARD delivered the opinion of the court:

An Industrial Commission's arbitrator awarded the claimant, William Ristow, compensation for temporary total disability and permanent partial disability of his left leg caused by an accident which arose out of and in the course of his employment. On review the Industrial Commission set aside the award because the claimant failed to give the respondent notice of the injury within the 45-day period as is required by the Workmen's Compensation Act. (Ill. Rev. Stat. 1967, chap. 48, par. 138.6(c).) The circuit court of Cook County sustained the finding of the Industrial Commission and the claimant has appealed.

On December 23, 1961, the claimant, who provided janitorial services for a number of buildings in Chicago, fell and injured his knee while preparing to remove snow from the walks of the building of Amanda Johnson, one of his several employers.

The claimant testified that it was probably in May, 1962,

that he first mentioned his injury to Mrs. Johnson and that it was in August, 1962, that he informed her that he had sustained the injury while in her employment and requested that she notify her insurance company.

The claimant, who lived in the building where he was injured and who had served as its janitor for 21 years, further testified that he had never seen a notice posted on the premises concerning the Workmen's Compensation Act and any of its provisions.

The appellees do not challenge the amount of the award determined by the arbitrator and do not question that the claimant's injury arose out of and in the course of his employment by Mrs. Johnson. The sole question presented is whether the claimant was exempted from the statutory requirement of notifying his employer of his injury within the period set by the Workmen's Compensation Act because it appeared his employer failed to post a notice, also required by the Workmen's Compensation Act, informing of the Act and certain of its provisions.

The concerned provisions of the Act provide:

"(a) Every employer within the provisions of this Act, shall, under the rules and regulations prescribed by the Commission, post printed notices in their respective places of employment in such number and at such places as may be determined by the Commission, containing such information relative to this Act as in the judgment of the Commission may be necessary to aid employees to safeguard their rights under this Act in event of injury.

\* \* \*

"(c) No proceedings for compensation under this Act shall be maintained unless notice of the accident has been given to the employer as soon as practicable, but not later than 45 days after the accident. \* \* \*

"No defect or inaccuracy of such notice shall be a bar to the maintenance of proceedings of arbitration or otherwise by the employee unless the employer proves that he

is unduly prejudiced in such proceedings by such defect or inaccuracy." Ill. Rev. Stat. 1967, chap. 48, par. 138.6.

The giving of notice to the employer within 45 days of the accident pursuant to section 6(c) of the Workmen's Compensation Act is jurisdictional and a prerequisite of the right to maintain a proceeding under the Act. *Railway Express Agency* v. *Industrial Com.*, 415 Ill. 294, 297; Wiedner, The Workmen's Compensation Act, 1967 Ill. Law Forum, 21, 44.

In *Fenix-Scisson Construction Co.* v. *Industrial Com.*, 27 Ill.2d 354, the employer was officially notified 49 days after the accident concerned and although the claimant's wife had phoned his foreman within the 45-day period and informed him that her husband had been injured, but did not state it was work related, the award was set aside. We said at page 357: "In the case now before us there was no disclosure at any time of the fact that an accident had occurred, although the employee knew of the occurrence at once and was informed one week later that his injury was the result of the falling board. There is no showing that the employer had actual knowledge of the accident until after the 45-day period had expired. The telephone call by the wife on November 25 did not constitute notice of an accident, defective or otherwise. Nothing whatsoever was said about an accident or any involvement on the part of the employer either then or at any other time. The element of prejudice to the employer is pertinent only where notice is given but it is indefinite or incomplete."

Again in *Chicago Screw Co.* v. *Industrial Com.*, 35 Ill.2d 142, we set aside an award where the claimant mistakenly filed under the Workmen's Occupational Diseases Act since the filing of the claim under that Act was beyond the 45-day-notice period required under the Workmen's Compensation Act. We said: "Claimant directs our attention to that part of section 6(c) of the Workmen's Compensation Act (par. 138.6(c),) which provides that no defect or in-

accuracy of notice shall bar recovery unless the employer proves that he is unduly prejudiced thereby. This court has been liberal in construing notice, (see *e.g., Quaker Oats Co.* v. *Industrial Com.*, 414 Ill. 326; *Republic Steel Corp.* v. *Industrial Com.*, 26 Ill.2d 32; *City of Rockford* v. *Industrial Com.*, 34 Ill.2d 142,) but where, as here, there is no notice at all, that portion of section 6(c) does not apply. (See *Fenix-Scisson Construction Co.* v. *Industrial Com.*, 27 Ill.2d 354; *Hoeffken Brothers, Inc.* v. *Industrial Com.*, 31 Ill.2d 405.) To hold otherwise would render the 45-day notice provision totally inoperative." 35 Ill.2d at 145.

Here, there was simply no notice to the employer that the claimant had received an injury in the course of his employment until eight months later in August of 1962.

We cannot agree with the appellant's argument that section 6(a) of the Act requiring the employer to post information concerning the Act and section 6(c) requiring the notification of the employer of injury not later than 45 days following the accident are in *pari materia.* Section 6(c) explicitly provides that no proceeding can be maintained unless the employer has been given notice of accident within the statutory period. As in other statutes of limitation there is a conclusive presumption that the employer has been prejudiced by the failure to notify. (Larson, Workmen's Compensation Act, section 78.30.) There is nothing in the Act to suggest that this jurisdictional requirement of section 6(c) is not to be met if the employer fails to post information pursuant to section 6(a). The only consequence of such a failure appears to be that it may constitute a misdemeanor punishable by a fine in the court's discretion. Ill. Rev. Stat. 1963, chap. 48, par. 138.26.

We affirm the judgment of the circuit court of Cook County supporting the finding of the Industrial Commission which set aside the award.

*Judgment affirmed.*