(No. 51050.▮

HEALTH & HOSPITALS GOVERNING COMMISSION OF COOK COUNTY, Appellee, v. THE INDUSTRIAL COMMISSION *et al.*—(Christine Watkins, Appellant.)

*Opinion filed March 20, 1979.*

David M. Wittenberg, of Chicago, for appellant.

William P. Tuggle, Joan M. Pucillo, and Frank J. Oles, of Chicago, for appellee.

MR. CHIEF JUSTICE GOLDENHERSH delivered the opinion of the court:

On finding that notice of the accident was not given her employer within the period provided in section 6(c) of the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch.

48, par. 138.6(c)), an arbitrator for the Industrial Commission denied petitioner, Christine Watkins, compensation for injuries suffered on May 3, 1976, while in the employ of the respondent, Health & Hospitals Governing Commission of Cook County. On review the Industrial Commission set aside the decision of the arbitrator and awarded petitioner compensation. *Inter alia,* the Commission found "that notice of said accident was given the respondent within the time required under the provisions of said Act." On *certiorari* the circuit court of Cook County reversed the decision of the Commission and petitioner appealed.

On May 3, 1976, the date of petitioner's injury, section 6(c) of the Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.6(c)) provided:

> "Notice of the accident should be given to the employer as soon as practicable, but not later than 45 days after the accident, and if the Commission shall find that the failure to give such notice within 45 days substantially prejudiced the rights of the employer, the Commission in its discretion, may order that the right of the employee to proceed under this Act shall be barred."

Effective October 1, 1976, section 6(c) was amended in pertinent part to provide: "Notice of the accident shall be given to the employer as soon as practicable, but not later than 45 days after the accident." (Ill. Rev. Stat. 1977, ch. 48, par. 138.6(c).) It is stipulated that notice of the accident was given respondent on July 8, 1976, and the application for adjustment of claim was filed on July 9, 1976. Petitioner contends that under the provisions of the statute in force and effect at the time of the injury, and at the time when notice was given, absent a finding by the Commission that the failure to give such notice within 45 days substantially prejudiced the rights of the respondent, the notice was timely given and the circuit court erred in reversing the decision of the Commission. It is respondent's position that the notice provision in the Workmen's Compensation Act is procedural, is applicable to pending

cases, and that the circuit court correctly held the amended statute applicable in the hearing held on October 15, 1976. Alternatively, respondent argues that it was prejudiced by petitioner's failure to give notice of the accident within 45 days.

The parties have cited a number of authorities (*Railway Express Agency v. Industrial Com.* (1953), 415 Ill. 294; *Ristow v. Industrial Com.* (1968), 39 Ill. 2d 410; *Smolen v. Industrial Com.* (1926), 324 Ill. 32; *Orlicki v. McCarthy* (1954), 4 Ill. 2d 342) and have argued the question whether the statutory provision for notice is substantive or procedural. We need not discuss either the authorities or the arguments analogizing the situation here to that presented when a statute is enacted shortening a limitations period. The giving of notice was accomplished on July 8, 1976, and its sufficiency is governed by the statutory provision in effect both at the time of the accident and the time when notice was given. The validity of a notice given on July 8, 1976, cannot be affected by a statutory amendment effective October 1, 1976.

The language of the statute provided that if notice was not given within 45 days of the accident, in the discretion of the Commission the action shall be barred "if the Commission shall find that the failure to give such notice within 45 days substantially prejudiced the rights of the employer." (Ill. Rev. Stat. 1975, ch. 48, par. 138.6(c).) In the exercise of the discretion specifically vested by the statute, the Commission found that notice of the accident was timely given.

Respondent argues that under *Ristow v. Industrial Com.* (1968), 39 Ill. 2d 410, there was a conclusive presumption that the employer was prejudiced by the failure to be given notice within the 45 days. In *Ristow* the Commission found that the claimant failed to give notice of the injury within the 45-day period required by the Act, and the statute then provided: "No proceedings for

compensation under this Act shall be maintained unless notice of the accident has been given to the employer as soon as practicable, but not later than 45 days after the accident. ***" (Ill. Rev. Stat. 1967, ch. 48, par. 138.6(c).) Here, the Commission found that the notice was timely given and the statutory provision clearly vested in the Commission the discretion to make the determination that failure to give timely notice was not prejudicial to the employer. We have considered the argument that the burden was on petitioner to prove that respondent was not prejudiced, but regardless of who bore the burden of proof on this issue, the finding by the Commission is not against the manifest weight of the evidence. For the reasons stated, the judgment of the circuit court is reversed and the decision of the Industrial Commission is reinstated.

*Judgment reversed;*
*award reinstated.*