PRECISION UNIVERSAL JOINT, Appellant, v. THE INDUSTRIAL COM-
MISSION *et al.* (Fernando Sanchez, Appellee).

First District (Industrial Commission Division)   No. 1—89—1752WC

Opinion filed June 29, 1990.—Rehearing denied November 27, 1990.

Sonnenschein, Carlin, Nath & Rosenthal, of Chicago (Alan M. Posner and Sanford M. Pastroff, of counsel), for appellant.

Karlin & Fleisher and David A. Novoselsky & Associates, both of Chicago (Theodore A. Gilbert, David A. Novoselsky, and Tammy A. Koester, of counsel), for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

Claimant filed an application for adjustment of claim for a back injury. The case was heard before the arbitrator *ex parte* because no one appeared on behalf of respondent. The arbitrator issued a decision awarding benefits. The decision recited, among other things, that timely notice of the accident was given to the respondent. That finding was based on a "stipulation" sheet prepared by claimant's attorney and admitted by the arbitrator at the hearing.

Approximately six months later respondent filed a petition for review of the arbitrator's decision after claimant filed suit in circuit court to enforce the award. Respondent contended the arbitrator lacked personal jurisdiction over it because respondent had never received any notice that workers' compensation proceedings had been initiated by claimant or ruled upon by the arbitrator. Alternatively, respondent argued the arbitrator lacked subject-matter jurisdiction because the record did not establish claimant had given respondent notice of the accident within the 45-day period following the injury.

The Industrial Commission (Commission) conducted lengthy evidentiary hearings, which were limited principally to the question of whether respondent had received notice of the filing of the application for adjustment of claim, notice of hearing before the arbitrator, and notice of the arbitrator's decision. Upon the evidence presented, the

Commission concluded it had personal jurisdiction over respondent because the requisite notices had been provided. Therefore, the Commission dismissed the petition for review as untimely.

Respondent sought review in the circuit court and again raised the issues of lack of both personal and subject-matter jurisdiction. Claimant responded by filing a motion to dismiss the petition for review. The circuit court affirmed the Commission's determination it had personal jurisdiction over respondent. Although it agreed with respondent that it was entitled to raise the issue of subject-matter jurisdiction, on the merits, the circuit court examined respondent's evidence in support of its claim and concluded adequate notice of the injury was provided by claimant. Accordingly, the circuit court confirmed the decision of the Commission dismissing the petition for review as untimely because it was not filed within 15 days after the arbitrator's decision. Respondent appeals.

On appeal respondent has abandoned any claim the Commission lacked personal jurisdiction over it. Without recounting the evidence, it is sufficient to state that there was substantial testimony supporting the finding that agents of respondent received notice of the filing of the application for adjustment of claim and all subsequent notices pertinent to this proceeding including the arbitrator's decision.

Respondent contends, however, the record fails to establish subject-matter jurisdiction on the theory there was no evidence showing claimant reported the injury to respondent within 45 days after the accident. We disagree.

Claimant was awarded compensation by the arbitrator on September 16, 1985. Under section 19(b) of the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1985, ch. 48, par. 138.19(b)) the time for any review taken to the Commission is 15 days and, in the absence of fraud, the arbitrator's decision is conclusive and becomes the decision of the Commission. In this case, respondent did not appear or defend at arbitration, nor was any appeal taken to the Commission within the requisite time period.

The arbitrator made a specific finding in its decision that notice of the injury had been given in timely fashion based on a representation by claimant's counsel to that effect in the "stipulation" sheet. This exhibit was admitted without objection when respondent did not appear and defend at the arbitration hearing.

While we agree that the supreme court has held the giving of notice under section 6(c) (Ill. Rev. Stat. 1987, ch. 48, par. 138.6(c)) is jurisdictional and a prerequisite to the right to maintain a proceeding under the Act (*Ristow v. Industrial Comm'n* (1968), 39 Ill. 2d 410,

235 N.E.2d 617), we cannot agree with respondent's contention the record wholly fails to support the finding of the arbitrator that notice was adequately given.

In the first instance, there is nothing to support a charge of fraud perpetrated against the arbitrator and no such claim has been made. Furthermore, the arbitrator's finding was based on some evidence, namely the unrebutted representation in the "stipulation" sheet and in the application for adjustment of claim that timely notice had been given to respondent. Therefore, the record is not devoid of any evidence to support the finding.

■ Respondent's attempt to present additional evidence contesting the issue of notice is unavailing. The purpose of presenting additional evidence is to take testimony not offered at the original hearing because it was not available at that time. Additional review is not to be granted to a party who, being informed as to each step in the proceeding, thereafter declines to defend and, after the cause goes against it, offers a defense. Had the issue of the sufficiency of the notice been raised at the arbitration hearing, claimant would have had an opportunity to present additional evidence to support his position beyond the unrebutted representation notice had been given. In the absence of an objection, appearance, or any indication respondent sought to contest this point, claimant was not obligated to present more when, in the discretion of the arbitrator, additional proof was not required.

■ A party properly notified of an application for benefits, who sits back, fails to appear at the arbitration hearing, fails to file a timely review proceeding, in the absence of fraud, cannot complain that the arbitrator's finding of fact as to notice of injury is not correct.

While we conclude the trial court erred in considering additional evidence presented by respondent beyond that contained on the face of the record from the arbitration proceeding, the conclusion of the trial court was the correct one. The record before the arbitrator supports the finding that adequate section 6(c) notice was given. Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

BARRY, P.J., and McNAMARA, WOODWARD, and LEWIS, JJ., concur.