UNITED STATES STEEL CORPORATION, Appellee, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(PABLO PERALES, Appellant.),

*Opinion filed November 24, 1964.—Modified on denial of rehearing January 19, 1965.*

WARREN R. ROSS and JAMES EAST, both of Chicago, for appellant.

STEVENSON, CONAGHAN, HACKBERT, ROOKS AND

PITTS, of Chicago, (DOUGLAS F. STEVENSON, DANIEL P. SOCHA, and PAUL NOLAND, of counsel,) for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

The Industrial Commission granted Pablo Perales a Workmen's Compensation award, and his employer, United States Steel Corporation, obtained a writ of *certiorari* from the circuit court of Cook County to review the award. The circuit court reversed the award as contrary to the manifest weight of the evidence, and Pablo Perales, pursuant to Rule 28—1.A appealed to this court.

Appellant's application for adjustment of claim filed with the Industrial Commission on January 26, 1962, alleged that he sustained an accidental injury on October 3, 1961, while in appellee's employ. The application described the accident as follows: "Petitioner was working as a burner and was moving a stack of steel weighing approximately two to three hundred pounds into position for the crane to lift when he injured his arms, back and legs." Upon hearing the parties stipulated to coverage, appellant's age, and earnings and that no compensation had been paid. The principal matters left in dispute were whether appellant sustained an accidental injury arising out of and in the course of his employment and whether appellee had been given timely notice of such accident.

Appellant testified that on October 3, 1961, he was employed by appellee as a "burner", in the latter's steel plant at Chicago. His duties involved the moving and cutting of steel scraps prior to their removal by a magnetic crane. Appellant began work at 7:00 A.M. on October 3rd. He testified that between 8:00 and 9:00 A.M., that he was moving a 400-pound piece of scrap with a bar when he felt pain in his back; he was unable to straighten up. The foreman was summoned and appellant testified he told him he hurt his back; he hurt it while moving scrap with

a bar. Appellant was removed to the plant clinic in an ambulance. A plant physician examined appellant, gave him some pills and taped the lower part of his back. Appellant testified he told the plant physician he felt pain in his back when he was moving a piece of steel. He returned to the plant clinic for the next three days and then consulted with his own physician, a Dr. Gonzales. His back was subsequently operated upon by a Dr. Spiegel. Since his discharge from the hospital appellant has worn a back brace and has not been employed.

Dr. Rudolph F. Gonzales testified appellant consulted him on October 9, 1961, complaining of pain in his back. Appellant, according to Dr. Gonzales, told him that his back condition started when he attempted to lift a heavy object, a piece of metal. Dr. Gonzales hospitalized apellant because he believed that he might have a ruptured intervertebral disc and called in Dr. Spiegel for consultation.

Dr. Joshua I. Spiegel testified he examined appellant at Dr. Gonzales's request and decided to operate on appellant's back to correct a herniated intervertebral disc. However, upon operation, Dr. Spiegel discovered the disc involved was not herniated, but inflamed; this condition is extremely rare. This was the fifth such case that Dr. Spiegel had encountered in his practice as neurological surgeon. In Dr. Spiegel's opinion the inflamed condition could be attributable to either trauma or infection. He made a bacterial study of some of the inflamed tissue removed from the disc involved, but the test was negative as to the presence of bacteria. Dr. Spiegel, because of the absence of bacteria, concluded that the disc inflammation was traumatic in origin. Dr. Spiegel was of the further opinion that the inflamed disc condition he found was chronic and caused appellant's back to be weak and incapable of acute bending, heavy lifting or protracted standing or walking. Appellant's back condition, according to Dr. Spiegel, was permanent.

Appellee called as witnesses appellant's foreman of October 3rd, Irwin Puclik, and Laddie Sulek, a fellow employee of appellant, both of whom testified that appellant on that morning only complained that he did not feel right; that he was sick. Appellee introduced into evidence a record of its plant clinic dated October 3, 1961, that recited that appellant "Complains of severe pain in lower back beginning gradually yesterday with numbness of both legs."

Appellee also submitted into evidence three other documents: (1) an application for accident and sickness benefit, dated October 17, 1961, signed by appellant, which stated his disability was not caused by an accident; (2) a report of Dr. Gonzales to a hospitalization insurer which denied that appellant's was a workmen's compensation case; and (3) an inquiry of the same hospitalization insurer dated December 4, 1961, likewise signed by appellant, which stated his condition of October 3 was not caused by his employment and was not covered by workmen's compensation. It appears that appellant received some $976 in nonoccupational disability benefits; which benefits are not available to employees with injuries compensable under the Workmen's Compensation Act.

Appellant testified, with reference to the nonoccupational disability benefits and hospitalization claim forms, that he merely signed his name and that the forms were completed by Dr. Gonzales's office. Appellant testified he is a Mexican national and although he has been in the United States for 35 years, he neither reads nor writes English. Dr. Gonzales's nurse, Dorothy Stepnich, testified she completed and submitted the application for sickness and accident benefit, the inquiry of the hospitalization insurer, and physician's report to the hospitalization insurer, all without consultation with Dr. Gonzales.

Appellee called the pathologist from the hospital where Dr. Spiegel operated upon appellant's back, whc testified he did not make a bacteria study of the tissue furnished

him by Dr. Spiegel, although he made other tests.

Upon substantially the foregoing evidence, the Industrial Commission awarded appellant $52 per week for 37½th weeks because of temporary total incapacity to work, $52 per week for 140 weeks because of 55% permanent partial loss of use of left leg and 15% permanent partial loss of use of right leg, and $454.85 for necessary medical and hospital care. Upon review by the circuit court, the award was reversed as contrary to the manifest weight of the evidence.

Under the Workmen's Compensation Act, the Industrial Commission is the trier of fact and its findings are not to be disturbed by the courts unless they are clearly against the manifest weight of evidence. (*Flour Corp.* v. *Industrial Com.* 398 Ill. 616, 622; *Clifford-Jacobs Forging Co.* v. *Industrial Com.* 19 Ill.2d 236, 245; *Mechanics Universal Joint Div., Borg-Warner Corp.* v. *Industrial Com.* 21 Ill.2d 535, 538.) Appellee, in support of the circuit court decision reversing the award made by the Industrial Commission, relies on the series of cases holding that an award is contrary to the manifest weight of the evidence where the claimant's testimony as to an accidental injury is uncorroborated, contradicted by other evidence in the proceeding and impeached by a prior denial of an accident in an application for nonoccupational disability benefits, (*Corn Products Refining Co.* v. *Industrial Com.* 6 Ill.2d 439; *United States Steel Corp.* v. *Industrial Com.* 8 Ill.2d 407; *Fisher Body Div., General Motors Corp.* v. *Industrial Com.* 20 Ill.2d 538.) Appellee points out that appellant's foreman and fellow employee who came to assist him the morning of October 3, 1961, testified that appellant only complained of feeling sick, of not feeling right; he said nothing about an accident; that the records of the plant clinic where he was initially treated indicate that his back condition was not related to his employment and that he applied for and received nonoccupational disability benefit. Under the cir-

cumstances, appellee argues that appellant's testimony that he accidentally injured his back moving heavy scrap is unbelievable. We cannot agree that appellant's testimony is either uncorroborated or unbelievable.

It is undisputed that appellant's duties on October 3, 1961, involved the moving and lifting of heavy pieces of steel scrap, exposing his back to the type of strain he claims caused his injury. It also appears that the history of appellant's back ailment begins the morning of October 3, 1961, with the exception of the clinic record that there is no evidence that appellant previously suffered with his back. Appellant's treating physician testified that appellant informed him he injured his back lifting a heavy object. Dr. Spiegel who operated on appellant's back believed that the inflamed disc condition he found was traumatic in origin.

The application for nonoccupational disability benefits of itself does not bar a workmen's compensation award. In *Republic Steel Corp.* v. *Industrial Com.* 26 Ill.2d 32, we affirmed an award to the personal representative of claimant who during his lifetime had applied for and received nonoccupational disability benefits for the same condition that was the basis for the workmen's compensation award. The claimant there had left blank the inquiries on the application for the nonoccupational disability benefit as to whether his illness was due to an accident in his employment. Here, appellant, a Mexican national, who does not read or write English, signed only the forms for nonoccupational disability and hospitalization benefits; his physician's office inserted the impeaching statement as to the nonoccupational origin of his condition. Although these exhibits tend to impeach appellant's testimony as to an accidental injury, we do not believe them to be of such a character as to render his testimony unbelievable.

The inflamed disc condition found in appellant's back is rare and there is limited medical knowledge of its nature, according to the only medical testimony in the record con-

cerning this condition. In Dr. Spiegel's opinion this condition was traumatic in origin and in view of the history of appellant's symptoms beginning with the morning of October 3, 1961, we believe there is substantial evidence of causal connection between the accident of that date and appellant's present disabilities. Where medical knowledge of an ailment is limited, medical testimony as to causation cannot and need not be unqualified and unequivocal. *Mechanics Universal Joint Div., Borg-Warner Corp.* v. *Industrial Com.* 21 Ill.2d 535; *Quaker Oats Co.* v. *Industrial Com.* 414 Ill. 326.

The record on this appeal contains conflicting evidence. It appears that appellant and his witnesses were contradicted and impeached. However, in the case of impeachment, explanations were given for the apparent inconsistencies between the witnesses' testimony upon hearing and their prior statements and actions. The credibility of the appellant and his witnesses was the pivot upon which this case necessarily turned, and the Industrial Commission, who heard the examination of these witnesses, both direct and cross, is charged with the duty, and is obviously in the better position, to judge that credibility.

"We have stated many times that the determination of disputed questions of fact in workmen's compensation cases, including one of causal connection, is primarily a function of the Industrial Commission and that its findings should not be disturbed by a reviewing court unless they are manifestly against the weight of the evidence, regardless of how the judiciary itself might have held had it been the trier of the facts." *Universal Joint Div. Borg-Warner Corp.* v. *Industrial Com.* 21 Ill.2d 535, 538.

After a careful examination of the record in this appeal, we believe that there is substantial evidence to support the finding of the Industrial Commission that appellant sustained an accidental injury arising out of and in the course of his employment.

Appellee also contends that appellant's claim should be barred for failure to comply with the statutory requirement that an injured employee give oral or written notice of the accident to his employer as soon as practicable together with information regarding the approximate date and place of the accident. (Ill. Rev. Stat. 1963, chap. 48, par. 138.6.) It is generally recognized that the purpose of such a notice provision is both to protect the employer against fraudulent claims by giving him an opportunity to investigate promptly and ascertain the facts of the alleged accident and to allow him to minimize his liability by affording the injured employee immediate medical treatment. *Republic Steel Corp.* v. *Industrial Com.* 26 Ill.2d 32, 41; Larson, Workmen's Compensation, par. 78.32.

It is apparent that the notice given by appellant in this case was not as complete and definite as it might have been. However, there is no evidence that the appellant's claim was fraudulent. Nor is there any indication that the alleged insufficiency of notice prejudiced appellee by preventing disclosure of facts which might otherwise have been discovered or by causing aggravation of appellant's injury due to lack of proper medical treatment. Under these circumstances a liberal construction of the statutory notice provision is justified. (*Republic Steel Corp.* v. *Industrial Com.* 26 Ill.2d 32, 41.) We are of the opinion that there was adequate evidence to support a conclusion by the Industrial Commission that appellee, through its supervisory and medical personnel, had sufficient notice that appellant had sustained a back injury while on the job on October 3, 1961.

The judgment of the circuit court of Cook County that the award of the Industrial Commission was contrary to the manifest weight of the evidence is reversed, and the award of the Industrial Commission is confirmed.

*Judgment reversed; award confirmed.*