(No. 38732.—

THE COUNTY OF COOK, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(ESTELLE KLICK, Appellee.)

*Opinion filed January 21, 1965.—Rehearing denied March 17, 1965.*

DANIEL P. WARD, State's Attorney, of Chicago, (EDWARD J. HLADIS and DONALD J. VEVERKA, Assistant State's Attorneys, of counsel,) for appellant.

JOHN R. RAFFERTY, of Chicago, for appellee.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

The circuit court of Cook County affirmed an award of workmen's compensation to Estelle Klick against the county of Cook. The county appeals.

The claimant was a cleaning woman at the criminal courts building in Chicago. Her hours were from 2:30 P.M. to 9:00 P.M. On October 9, 1961, about 6 o'clock in the evening she went into the bailiff's room to get some keys from a fellow custodial worker. According to her testimony she slipped on the wet floor and fell against a desk, striking its top with the left side of her head and body. She testified she was momentarily dazed and when she "came to" she was sitting in a chair. Her physician testified that he examined her in October 1961, and found extensive bruising of the left thigh, chest and arm. At a subsequent examination about a week before the hearing he saw her again when she consulted him about dizziness and headaches. A month or so after the accident Mrs. Klick was discharged from her job. She testified that the following spring she began having dizziness, headaches and a pounding feeling in the head. In June and the following October she saw a Dr. Shapiro, who reported that Mrs. Klick showed objective evidence confirming her head complaints on a chronic post-concussion basis, that treatment was indicated, and that recovery was not to be expected.

The county called several co-workers who contradicted the claimant's testimony in various respects, some of them material and others relating only to trivial matters. The arbitrator before whom the hearing was held found that the claimant had failed to prove an accidental injury arising out of and in the course of employment, but upon review the Industrial Commission decided otherwise, finding not only that she had sustained accidental injuries but that they rendered her permanently incapable of work. This the circuit court affirmed.

To reverse the judgment the county contends that the sole evidence in suport of the award is the uncorroborated and contradicted testimony of the claimant herself, that even assuming an accident occurred there is no basis for finding a permanent head injury, and that the claimant

failed to give notice of the alleged injury within the 45-day period prescribed by the act. (Ill. Rev. Stat. 1963, chap. 48, par. 138.6.) In support of its contentions the county relates in minute and extensive detail the evidentiary contradictions, inconsistencies and discrepancies upon which it relies to discredit the claimant's testimony. It is unnecessary to set them forth specifically here. It is true, there are several instances in which witnesses who the claimant says were present or saw the occurrence failed to corroborate her story. And in some instances her testimony was flatly contradicted. But it appears clearly enough from evidence other than claimant's own testimony that serious injuries did occur and that a few minutes after the alleged accident the claimant was seen limping with her hand on her hip. Her testimony does not stand entirely uncorroborated. In any event the evidence, as to both the accident itself and the extent of the injuries, is substantially in conflict.

When such is the case the decision of the Industrial Commission should not be disturbed. It is only where the findings are manifestly against the weight of the evidence that they may be set aside. The county's argument, which is devoted almost exclusively to an attack on the credibility of the claimant, and to recounting the evidence tending to impeach her testimony, should be directed to the Commission, whose province it is to draw reasonable inferences and conclusions from the testimony. This court is not equipped to decide, on conflicting evidence, whose version is the true one, or which witnesses are to be believed, or what weight should be given to their respective testimony.

The contention that the claimant failed to give timely notice of the accident must also be rejected. She testified that when she regained consciousness in the bailiff's room she had a conversation with the assistant supervisor, her boss, in which she told him she had been hurt, showed him her wet clothing, and asked to be sent to a doctor. She also testified to having notified the supervisor in charge of

custodians on the following day. Denials of this by the individuals in question simply presented a factual issue which the Commission resolved adversely to the present contention. There is no basis upon which this court can reach a contrary conclusion. The evidence is sufficient to sustain the finding of notice within the time contemplated by the statute. *Cf. Republic Steel Corp.* v. *Industrial Com.* 26 Ill.2d 32.

*Fenix-Scisson Construction Co.* v. *Industrial Com.* 27 Ill.2d 354, relied upon by the county, is readily distinguishable. In that case the facts regarding notice, as we expressly pointed out, were "largely undisputed." Such is not the case here.

Our review of the record in the case at bar does not show the Commission's award to be manifestly against the weight of the evidence, and the circuit court did not err in confirming it. The judgment will be affirmed.

*Judgment affirmed.*