(No. 39346.—

THE CITY OF ROCKFORD, Appellant, *vs.* THE INDUSTRIAL
COMMISSION *et al.*—(RONALD MEINERT, Appellee.)

*Opinion filed Jan. 25, 1966.—Rehearing denied March 23, 1966.*

PRICE, NOETZEL, SCHLAGER & BURGESON, of Chicago, (JOHN E. CUNNINGHAM, of counsel,) for appellant.

DOWNEY & LAYNG, of Rockford, (JEROME J. DOWNEY, of counsel,) for appellee.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

Ronald Meinert recovered an award of workmen's compensation against the city of Rockford. It was confirmed on review by the circuit court of Winnebago County and the city appeals directly to this court, as provided by Rule 28—1. The contentions are that the evidence fails to show an injury on the date alleged and that the claimant failed to give timely notice.

The claimant was employed in the city's maintenance department. The alleged injury occurred on April 10, 1962, as he was installing a street sign post. According to his testimony he suffered a sudden pain in his back when he raised up after lifting on a post. The post, which had a cement base, had been lowered into a hole and had "flipped." No one else was present at the time, and the claimant finished the job by shoveling dirt back in, tamping it and seeing that the post was straight. He testified he told his foreman about the incident the next day, but could not recall what the foreman replied. He continued working for the city until he entered a hospital the following September 5. It was determined that he had a slipped disc, and a laminectomy was performed.

Testimony on behalf of the city was that in October the claimant reported a slipped disc he allegedly had sustained on September 4, while he was resetting a post, and

that neither the superintendent of maintenance nor the claimant's foreman ever received notice of an April 10th accident. It is undisputed that the claimant had made application for Illinois Municipal Retirement Fund benefits in which he stated that the injury occurred on September 4, and that he filed an application for adjustment of claim for workmen's compensation which recited an accidental injury sustained on September 4. For some undisclosed reason the latter claim was dismissed by the claimant on the day of the hearing on the present claim.

In support of its contention that the evidence fails to show an accidental injury on April 10 the city argues that the claimant's testimony relating thereto is vague and uncertain, that its lack of credibility is shown, *inter alia,* by his admission that he worked every day from April 10 to September 4, although in his own doctor's opinion a condition such as that described is accompanied by a disabling type of pain which would preclude the doing of any hard physical work. It is true that much of the claimant's testimony is vague and inconclusive, that he could remember few if any of the details and could name none of his co-workers to whom he might have mentioned the incident. There was no one except claimant's wife to corroborate his story, and she testified merely that he came home one night and said he hurt his back putting in posts.

While the evidence in support of the award is hardly of the most satisfactory kind, we are reluctant to substitute our judgment in these matters for that of the Industrial Commission. This court does not weigh conflicting evidence, nor do we discard permissible inferences drawn by the commission merely because we might have drawn opposite ones. (*Republic Steel Corp.* v. *Industrial Com.* 26 Ill.2d 32, 43.) We have carefully considered the city's arguments but conclude that the findings have not been shown to be manifestly against the weight of the evidence.

For like reasons the contention must be rejected that

proof of notice was insufficient. Claimant testified that he informed his foreman of the incident on the following day. It is true, his testimony was not clear and positive. He could not recall just where the conversation took place; he could not remember what he told the foreman or what the foreman replied; he could not say whether or not he asked for medical attention, and so on. And the foreman denied that the claimant ever mentioned any injury from lifting posts, although on cross-examination he stated that he knew claimant had hurt his back. Nevertheless the record presents conflicting evidence on the point, leaving the question one of credibility of the respective witnesses. The trier of the facts is obviously in the better position to determine that credibility, and this court has many times stated that the Commission's findings in such matters will not be disturbed unless they are manifestly against the weight of the evidence. (*United States Steel Corp.* v. *Industrial Com.* 32 Ill.2d 68.) The city has failed to discuss pertinent authorities or explain adequately why the rule should not apply here, and we must accordingly hold that there is sufficient evidence to sustain the finding of notice.

It is stated in the heading of the city's argument on the point that the notice must inform the employer that the employee intends to claim the benefits of the act. It is evident that the giving of notice testified to by the claimant was not as complete and definite as it should have been. The statute provides, however, that "No defect or inaccuracy of such notice shall be a bar to the maintenance of proceedings of arbitration or otherwise by the employee unless the employer proves that he is unduly prejudiced in such proceedings by such defect or inaccuracy." (Ill. Rev. Stat. 1963, chap. 48, par. 138.6). We have heretofore recognized that the purpose of notice provisions is to enable the employer to investigate promptly and ascertain the facts of the alleged accident. (*United States Steel Corp.* v. *Industrial Com.* 32 Ill.2d 68.)

In the case at bar there is no showing that the lack of particulars in the notice prejudiced the city by preventing disclosure of facts which might otherwise have been discovered. Under such circumstances the notice provision will be given a liberal construction (*United States Steel Corp.* v. *Industrial Com.* 32 Ill.2d 68, 75; *Republic Steel Corp.* v. *Industrial Com.* 26 Ill.2d 32, 41.) We think that on this record the Commission could find that notice was given in the manner contemplated by the statute.

No error has been shown, and the judgment of the circuit court will be affirmed.

*Judgment affirmed.*