(No. 47832.-

THRALL CAR MANUFACTURING COMPANY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*— (Manuel Gallegos, Appellee.)

*Opinion filed October 1, 1976.*

460

Raymond J. Kelly, of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, for appellant.

J. Michael Madda, of Chicago (John E. Flavin, of counsel), for appellee.

MR. CHIEF JUSTICE WARD delivered the opinion of the court:

The only questions on this appeal are whether the Industrial Commission's findings that the petitioner-claimant, Manuel Gallegos, suffered an accidental injury arising out of and in the course of his employment traceable to a definite time, place and cause and that the claimant notified his employer of the accident within 45 days of its occurrence were contrary to the manifest weight of the evidence. The arbitrator denied the claim, but the Commission, after hearing further evidence, reversed his decision. The circuit court of Cook County affirmed the Commission's finding, and the respondent-employer, Thrall Car Manufacturing Co., appealed directly to this court. Ill. Rev. Stat. 1973, ch. 110A, par. 302(a).

The claimant is Spanish speaking, and it is apparent from the record that he has difficulty understanding and speaking English. He testified that in October of 1972 he

was employed by Thrall as a machine operator and that it was his job to pass a 140- to 160-pound piece of steel through a machine which punched the steel into one-inch pieces. He stated that on October 25, 1972, he injured his left knee while handling a piece of steel.

"[MR. FLAVIN (counsel for claimant)]:

Q. What were you doing then?

A. Oh, this piece too long, and I hold it this way and coming back to this piece, I got the piece on the floor and I throw it this way. I don't like to lose this piece of steel, so was throwing two pieces, and coming back.

Q. Then what happened?

A. Well, too hard on me, and then I go to report it to the nurse, because it come hard on my knee.

THE ARBITRATOR:

When you were stepping back with this piece of steel, tell us what happened?

A. Well, it coming this way, coming back and rolled to my knee, the piece (indicating).

BY MR. FLAVIN:

Q. What were you doing with the piece of steel?

A. This was coming this way, and my foot go out like this (indicating).

THE ARBITRATOR:

Q. You are indicating that your foot slipped out?

A. Yes, and I hold my knee this way (indicating)."

The claimant testified that he then went to the office of the plant's nurse and told her, "I got trouble in my knee." He said that he told her he would like to see the doctor but that she sent him back to work. He said he went to see his own doctor the next day and that he informed the plant nurse of this. He testified that his doctor performed an operation on his left knee a short time later. On cross-examination the claimant stated that he told his foreman about the accident and that he told him to go see the plant nurse. He did admit signing a group health insurance benefits form provided by the employer. A question on this form read: "IS THE CLAIM BASED UPON AN ACCIDENT?" and it was marked "No" with a typed "x." He also testified that the form was filled in by

an employee of Thrall in its offices and that he signed it after it was completed.

Helen Jakubielski, the plant nurse, testified on behalf of the respondent that she spoke with the claimant only on October 26 when he presented her with a note from his physician and told her he would be off work "for some time because of a sore knee." The note, which is dated October 26, reads: "above patient seen for left knee swelling and pain, cause undetermined, advised hospitalization and tests."

It is axiomatic from our decisions that it is within the province of the Commission to resolve disputed questions of fact and to draw reasonable inferences. The only question before us is whether the findings of the Commission were contrary to the manifest weight of the evidence. (*Sohio Pipe Line Co. v. Industrial Com.,* 63 Ill. 2d 147, 152; *Ford Motor Co. v. Industrial Com.,* 62 Ill. 2d 337, 342.) Moreover, we have held that the testimony of the claimant, if not impeached, is sufficient to support an award. *Pheoll Manufacturing Co. v. Industrial Com.,* 54 Ill. 2d 119, 122.

The claimant testified that he injured his left knee while lifting a piece of steel. The record shows that the claimant visited his own doctor the following day and that the doctor found his knee to be swollen. Furthermore, it is undisputed that the claimant underwent surgery shortly thereafter and that he was off work for almost four months because of the injury. The only evidence presented by the employer to refute any part of the claimant's testimony was the testimony of the plant nurse. She, however, did not dispute the claimant's version of the accident; she only testified that the claimant did not inform her of the accident on October 25 as he claimed. The claimant's recital of the circumstances of the accident is uncontradicted. It is the function of the Commission to pass on the credibility of witnesses, and its findings will not be disturbed unless they were contrary to the manifest

weight of the evidence. (*Allen v. Industrial Com.*, 61 Ill. 2d 177, 182; *City of Rockford v. Industrial Com.*, 34 Ill. 2d 142, 145.) On the record here, there is no ground for disturbing the Commission's finding.

Our conclusion is not altered by Thrall's argument that the claimant's signing of the group health insurance benefits form shows that his injury was not work related. There have been decisions in which this court has given consideration to the claimant's signing of a nonoccupational insurance form. (*Rockford Clutch Division, Borg-Warner Corp. v. Industrial Com.*, 37 Ill. 2d 62; *Electro-Motive Division, General Motors Corp. v. Industrial Com.*, 25 Ill. 2d 467; *Mechanics Universal Joint Division, Borg-Warner Corp. v. Industrial Com.*, 23 Ill. 2d 441; *Fisher Body Division, General Motors Corp. v. Industrial Com.*, 20 Ill. 2d 538.) An examination of such cases shows that the signing of the form by the claimant was only one of the factors considered by the court. See, *e.g., Moore v. Industrial Com.*, 60 Ill. 2d 197; *Orr v. Industrial Com.*, 47 Ill. 2d 242; *A. O. Smith Corp. v. Industrial Com.*, 33 Ill. 2d 510.

We consider *United States Steel Corp. v. Industrial Com.*, 32 Ill. 2d 68, to be a case resembling the one here. There the pivotal question was whether the claimant sustained an accidental injury arising out of and in the course of his employment. The employer introduced into evidence two nonoccupational insurance claim forms signed by the claimant and presented evidence that the claimant had received $976 from such claims. The claimant testified that he had signed the forms but said they had been filled out by his doctor. He also stated that he neither wrote nor read English. This court said:

"The application for nonoccupational disability benefits of itself does not bar a workmen's compensation award. *** Here, appellant, a Mexican national, who does not read or write English, signed only the forms for nonoccupa-

tional disability and hospitalization benefits; his physician's office inserted the impeaching statement as to the nonoccupational origin of his condition. Although these exhibits tend to impeach appellant's testimony as to an accidental injury, we do not believe them to be of such a character as to render his testimony unbelievable." 32 Ill. 2d 68, 73; see also *Pheoll Manufacturing Co. v. Industrial Com.*, 54 Ill. 2d 119.

Here, the claimant has difficulty speaking and understanding English. He signed the form, but it had been filled out by a personnel department employee of Thrall's who did not speak Spanish.

The other contention of Thrall that the claimant failed to give the required notice of accident within 45 days also does not persuade. Section 6(c) of the Workmen's Compensation Act (Ill. Rev. Stat. 1971, ch. 48, par. 138.6(c)) provides, in part:

> "No proceedings for compensation under this Act shall be maintained unless notice of the accident has been given to the employer as soon as practicable, but not later than 45 days after the accident."

The giving of this notice is jurisdictional, and the failure of the employee to give notice will bar his claim. *Ristow v. Industrial Com.*, 39 Ill. 2d 410, 413.

Thrall cites *Ristow; Chicago Screw Co. v. Industrial Com.*, 35 Ill. 2d 142, 145, and *Fenix-Scisson Construction Co. v. Industrial Com.*, 27 Ill. 2d 354, 356, in support of its contention that the claimant failed to give proper notice, but their citation misses the mark. As we view it, the respondent has misconstrued these cases. In these cases no notice of any kind had been given to the employer. Here, the claimant testified that after the accident he went to the nurse and told her "I got trouble in my knee" and "I would like to go and see the doctor." He also stated that he discussed the problem with his knee with the nurse on the following day. We consider that when the claimant,

who has difficulty speaking English, reported to the plant nurse directly from his job that he had "trouble in his knee" and that he would like "to see the doctor," notice was adequately given within the meaning of section 6(c). (See *United States Steel Corp. v. Industrial Com.*, 32 Ill. 2d 68.) The respondent's nurse denied that this conversation took place, but the denial raised a question for the Commission. We cannot say its resolution was contrary to the manifest weight of the evidence. *County of Cook v. Industrial Com.*, 32 Ill. 2d 181, 183-84.

Section 6(c) provides further that the notice of the accident "shall give the approximate date and place of the accident, if known, and may be given orally or in writing" and that "[n] o defect or inaccuracy of such notice shall be a bar to the maintenance of proceedings *** unless the employer proves that he is unduly prejudiced in such proceedings by such defect or inaccuracy." The notice given here may have been incomplete under the statute or it may have been obvious that the claimant was reporting to the nurse that he had been injured that day at his work. In any event there certainly was no proof by Thrall that it was "unduly prejudiced" by any defect in notice. This provision of section 6(c) is intended to protect an employer from unjust or fraudulent claims. (*United States Steel Corp. v. Industrial Com.*, 32 Ill. 2d 68, 75; *Hoeffken Brothers, Inc. v. Industrial Com.*, 31 Ill. 2d 405, 407.) What this court said in *United States Steel Corp. v. Industrial Com.*, 32 Ill. 2d 68, 75, is applicable here:

"It is apparent that the notice given by appellant in this case was not as complete and definite as it might have been. However, there is no evidence that the appellant's claim was fraudulent. Nor is there any indication that the alleged insufficiency of notice prejudiced appellee by preventing disclosure of facts which might otherwise have been discovered or by causing aggravation of appellant's injury due to lack of proper

medical treatment. Under these circumstances a liberal construction of the statutory notice provision is justified."

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*