(No. 48950.▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉)

ATLANTIC & PACIFIC TEA CO., Appellee, v. THE INDUSTRIAL COMMISSION *et al.*—(Dorene J. Vires, Appellant.)

*Opinion filed June 1, 1977.*

Robert G. Day, Jr., of Moehle, Reardon, Smith & Day, Ltd., of Peoria, for appellant.

McConnell, Kennedy, Quinn & Morris, of Peoria (Murvel Pretorius, Jr., of counsel), for appellee.

MR. JUSTICE DOOLEY delivered the opinion of the court:

This is a Workmen's Compensation Act case. The question for decision is whether the award of the Commission in favor of the employee, Dorene Vires, is contrary to the manifest weight of the evidence. The issues litigated were whether the employee sustained an injury arising out of and in the course of her employment, and whether the employer had the notice required by law.

Claimant, Dorene Vires, obtained an award for temporary total disability on her claim against respondent, Atlantic & Pacific Tea Company, from the Industrial Commission. The circuit court of Peoria County reversed the Commission's decision, and claimant appeals.

Claimant was a clerk in one of respondent's retail grocery stores. Her duties included running the cash register at a check-out counter. The accident in which she incurred injury took place on September 13, 1973. She testified that, while she was working at the check-out counter, the assistant manager, Robert Lindley, came up and told her she could take her break. In leaving the counter she struck her left leg against a ledge, experiencing immediate pain, her leg buckled, and it was necessary for her to reach for the counter to prevent a fall. Lindley was standing behind her when this occurred.

Claimant then went downstairs for her break. In about five minutes Lindley called her back, and as she started to walk back upstairs she found that she was limping and could hardly walk. After working about an hour she could not continue to work. Lindley sent her home. Shortly after her arrival, her husband took her to a hospital emergency room where she saw Dr. Sarah Miller, whom she told she had hurt her leg at work and that it had become "steadily worse." She returned to the hospital and was seen by Dr. Ernest Adams, an orthopedic surgeon. His diagnosis was acute lumbosacral strain with a secondary left sciatic irritation and iliopsoas strain.

The next morning claimant's husband informed respondent that claimant was in the hospital, and the manager of the store and Lindley each spoke to claimant over the telephone.

Claimant remained in the hospital until October 12. She continued to see Dr. Adams regularly after leaving the hospital. He had not released her for return to work at the time of the hearing, which was held July 15, 1974.

Respondent did not introduce evidence that claimant had not suffered injuries resulting in temporary disability, or that those injuries were caused by some other accident which did not arise out of or occur in the course of claimant's employment. Respondent contends, however, that claimant's account of her accident was not corroborated by other testimony.

On the question whether the injury arose out of and in the course of the employment, the evidence supports the award. There was the testimony of the employee herself. Mr. Lindley stated that prior to her break she was working at the check-out counter. When she returned a few minutes later, she complained about her back hurting. Moreover, she appeared to be in pain. On the day of the occurrence, when seen by Dr. Miller in the emergency room of the hospital, she gave a history of the occurrence. The following day, September 14, when seen by Dr. Adams, he testified, she related a history of the occurrence and complained of pain in the lower back radiating into the left leg, which was due to a sudden twisting turning when she was at work, that the condition gradually became worse until she was unable to work, whereupon she went home and had her husband take her to the hospital emergency room.

No evidence was offered by respondent that she did not suffer injury resulting in temporary disability. Mr. Kenneth Hirth, the store manager, stated he had no personal knowledge of the occurrence until petitioner advised him in mid- or late January 1974, when she had

been sent by her lawyer to advise him of the accident. Also offered into evidence was a statement of claim of the Chicago Area Retail Food Clerks Unions & Employers Benefits Fund dated September 19, 1973. It was signed by claimant. One question on this form was "Is injury or sickness due to your or your dependent's employment?" There was an "X" marked in the box opposite the word "No." But this is only one of the factors to be considered in evaluating petitioner's claim. See *Thrall Car Manufacturing Co. v. Industrial Com.* (1976), 64 Ill. 2d 459, 464.

Also received in evidence were health benefits claim forms of the Chicago Area Retail Food Clerks Unions & Employers Benefits Fund. That form entitled "Attending Physician's Statement" contained this question: "Is condition due to injury or sickness arising out of patient's employment?" An "X" was marked in the box opposite the word "No." Dr. Adams' signature was at the bottom of each of these claim forms. Dr. Adams, however, stated that this was an error since the forms were filled out by his nurse. He also pointed out how the records support his testimony, apparently referring to the hospital records, which in fact are in accord with his evidence.

To constitute an accidental injury within the meaning of the Workmen's Compensation Act, it suffices if "a workman's existing physical structure, whatever it may be, gives way under the stress of his usual labor." *Laclede Steel Co. v. Industrial Com.* (1955), 6 Ill. 2d 296, 300; *E. Baggot Co. v. Industrial Com.* (1919), 290 Ill. 530, 534.

Respondent concedes that a claimant may recover on his own testimony without corroboration. In *Rockford Clutch Division, Borg-Warner Corp. v. Industrial Com.* (1968), 39 Ill. 2d 302, the claimant stated he had a sharp pain in his back while engaged in lifting certain clutches made by his employer. He continued with his work, but experienced pain in the back and legs. He made no complaint to his supervisor on the day of the accident. The episode was not corroborated by a fellow employee who

worked next to him. He obtained an award from the Industrial Commission, but the circuit court set aside the Commission's decision as contrary to the manifest weight of the evidence. This court reversed the circuit court.

Nor does *Deere & Co. v. Industrial Com.* (1970), 47 Ill. 2d 144, 148-49, upon which respondent relies, aid it. There the claimant's testimony concerning the accident was contradicted by the testimony of his physician, who stated he was never informed the accident was work-related, and by the company's director of employee relations, who stated that claimant had told him he did not know how the accident happened.

In essence, respondent asks us to conclude that claimant simply fabricated her account of having hurt her leg. It is the Commission which is charged with determining the credibility of witnesses (*Technical Tape Corp. v. Industrial Com.* (1974), 58 Ill. 2d 226, 233; *Swift & Co. v. Industrial Com.* (1972), 52 Ill. 2d 490, 496; *Cebulski v. Industrial Com.* (1971), 48 Ill. 2d 289, 294; *B. F. Gump Co. v. Industrial Com.* (1952), 411 Ill. 196, 198), and the findings of the Commission will not be disturbed by this court on review unless they are against the manifest weight of the evidence (*Ford Motor Co. v. Industrial Com.* (1976), 62 Ill. 2d 337, 341; *Technical Tape Corp. v. Industrial Com.* (1974), 58 Ill. 2d 226, 233; *Cebulski v. Industrial Com.* (1971), 48 Ill. 2d 289, 294; *B. F. Gump Co. v. Industrial Com.* (1952), 411 Ill. 196, 198). Here, the findings of the Commission are not contrary to the manifest weight of the evidence.

Respondent also contends that claimant did not show that she gave respondent notice of the accident or that respondent had knowledge of it within 45 days from its occurrence, as required by section 6 of the Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.6). On the issue of notice, it was uncontradicted that the assistant manager was present at the time of the occurrence. Claimant discussed her physical condition with him. She was limping and appear-

ed to be in pain. About an hour later he sent her home.
Section 6(c)(2) of the Act provides:

"No defect or inaccuracy of such notice shall be a bar to the maintenance of proceedings on arbitration or otherwise by the employee unless the employer proves that he is unduly prejudiced in such proceedings by such defect or inaccuracy." (Ill. Rev. Stat. 1973, ch. 48, par. 138.6(c)(2).)

The legislature has thus mandated a liberal construction on the issue of notice. (*City of Rockford v. Industrial Com.* (1966), 34 Ill. 2d 142, 146; *United States Steel Corp. v. Industrial Com.* (1964), 32 Ill. 2d 68, 75.) The purpose of the notice provision is to enable the employer to investigate the alleged accident. Moreover, there is no showing that the employer was prejudiced by want of particulars in the notice. *City of Rockford v. Industrial Com.* (1966), 34 Ill. 2d 142, 145-46.

The judgment of the circuit court is reversed and the award of the Industrial Commission is reinstated.

*Judgment reversed; award reinstated.*