GEORGE RYDBERG, Plaintiff-Appellant, *v.* ROBERT J. QUINN *et al.*, Defendants-Appellees.

First District (4th Division)   No. 61910

Opinion filed October 20, 1977.—Rehearing denied December 2, 1977.

Mike Brander, of Edward Vrdolyak, Ltd., of Chicago, for appellant.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Marsile J. Hughes, Assistant Corporation Counsel, of counsel), for appellees.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from the circuit court of Cook County. The plaintiff, George Rydberg, had filed an action in administrative review in the circuit court, to review whether or not he was entitled to benefits for a duty disability or an occupational disease disability. The lower court affirmed the decision of the Retirement Board and decided the plaintiff

was entitled to benefits under the occupational disease disability.

The plaintiff raises a number of issues and subissues. The only issue we need consider on review is whether the findings of the Retirement Board are against the manifest weight of the evidence.

The facts of the case are the plaintiff was a Chicago fireman. On September 6, 1972, he was assigned to a hook and ladder company. On that date the company responded to a fire in a three-flat. The fire was in the third-floor attic. Plaintiff made four trips up and down to the third floor and the roof by means of ladders. He then climbed to the third floor by a stairway and entered the smoke-filled attic and began to pull the ceiling. He began to have trouble breathing and then began to feel pain in his arms and chest. He was assisted outside and was given oxygen. He was then taken to the hospital where the doctors told him he had suffered a heart attack. Subsequently, by order of the Medical Director of the Chicago Fire Department, he went to a heart specialist picked by the Department on two occasions. The Medical Director returned him to work and the plaintiff returned to work at the Fire Academy. On November 14, 1972, he reported to work at the Academy, where the Medical Director conducted an examination and told the plaintiff he had had a cardiac arrest and hospitalized him. On September 28, 1973, the plaintiff made application for duty disability benefits. At a meeting of the Retirement Board of the Firemen's Annuity & Benefit Fund of Chicago on November 26, 1973, the Board's physician said he wanted the electrocardiograms of the plaintiff examined by another specialist. The plaintiff testified he had no heart problems previous to September 6, 1972, the day of the fire, when he suffered a heart attack. The record shows the official minutes of the meeting of January 22, 1974, wherein the Board met and unanimously voted the plaintiff duty disability benefits. On January 24, 1974, the plaintiff was sent a letter to the effect his application for duty disability benefits was denied and he was being granted occupational disease disability benefits. This letter was undoubtedly a clerical error. There is a difference between duty disability and occupational disability benefits of 25 per cent, the duty disability benefits allowing 75 per cent of salary and occupational disability benefits allowing 50 per cent of salary. The plaintiff then appealed from this decision of the Board to the circuit court and the circuit court affirmed the order of the Board. This appeal followed.

It is well settled in Illinois that the decision of an administrative agency will not be overturned on appeal unless the decision is clearly against the manifest weight of the evidence. (*Peterson v. Board of Trustees* (1973), 54 Ill. 2d 260.) In the instant case the Board record is clear as the minutes of the Board meeting show the vote on January 22 was to allow the plaintiff duty disability benefits with no dissenting votes. The letter sent two days

later by the secretary of the Board states the claim had been denied. The Corporation Counsel, as attorney for the Board, makes no explanation or even any mention of this discrepancy in the record in his brief. The official minutes of the meeting state:

"The secretary again presented the application of George W. Rydberg, Fireman, Engine 126, for duty disability benefits, together with the report of Dr. Gunnar, to whom Mr. Rydberg had been directed by the Board in order to clarify the electrocardiogram findings before and after the incident on which he based his application.

After discussion and consideration, Mr. Kulczycki, seconded by Mr. Maher, moved to grant Mr. Rydberg duty disability benefits, under provisions of the Code. The vote was as follows:

Yeas: Marcin, Holland, Loser, Kulczycki, Maher and Quinn. Nays: None."

It is clear to this court the intent of the Board is manifested in the minutes of their meeting and based on the evidence before the Board, from two of their own experts, it is also clear the plaintiff is entitled to the duty disability benefits. Any contrary finding would be against the manifest weight of the evidence elicited by the Board's own experts. The case here is analogous to two recent Illinois Supreme Court decisions concerning awards of the Industrial Commission in Workman's Compensation cases. The first case is *Illinois Valley Irrigation, Inc. v. Industrial Com.* (1977), 66 Ill. 2d 234, where the court stated:

"This court has held that evidence that the employee may have a preexisting heart condition does not render an award of compensation against the manifest weight of the evidence, where the Commission may legitimately have inferred from the evidence that the employee's occupational activity was a causative factor in accelerating his death." 66 Ill. 2d 234, 240.

The second case is *Atlantic & Pacific Tea Co. v. Industrial Com.* (1977), 67 Ill. 2d 137, where the court said:

"To constitute an accidental injury within the meaning of the Workmen's Compensation Act, it suffices if 'a workman's existing physical structure, whatever it may be, gives way under the stress of his usual labor.' " 67 Ill. 2d 137, 141.

In the instant case it is clear Rydberg's heart gave way under the strain of performing his duties as a firefighter and the clear intent of the Board was to award him duty disability benefits. Any other decision would be clearly against the manifest weight of the evidence. It is apparent the minutes of the Board meeting and the vote of the Board were not called to the trial judge's attention.

Accordingly, for the reasons contained herein, the judgment of the

circuit court of Cook County is reversed and the plaintiff, George Rydberg, is granted duty disability benefits.

Reversed.

JOHNSON and ROMITI, JJ., concur.