CHARLES E. McCARTHY, Plaintiff-Appellee, *v.* THE RETIREMENT BOARD
OF THE FIREMEN'S ANNUITY AND BENEFIT FUND OF CHICAGO *et al.*,
Defendants-Appellants.

First District (4th Division)   No. 76-862

Opinion filed November 17, 1977.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and
Marsile J. Hughes, Assistant Corporation Counsel, of counsel), for appellants.

Friedman & Rochester, Ltd., of Chicago, for appellee.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the
court:

This is an appeal from the circuit court of Cook County. The trial court
reversed The Retirement Board of the Firemen's Annuity and Benefit
Fund of Chicago (hereinafter "Board"), and awarded the plaintiff duty
disability benefits. The Board has appealed.

The sole issue on review is whether or not the decision of the trial court
to reverse the Board is against the manifest weight of the evidence.

The facts of the case are Lieutenant Charles E. McCarthy was a
member of the Chicago Fire Department for 26 years. On July 28, 1974,
Lt. McCarthy was in command of Engine Co. 32 when it responded to a
residential fire at 5145 South Kolmar. The fire was in the attic of the
structure. Lt. McCarthy, along with a fireman, took a hose into the
building and began to go up a twisting staircase towards the fire. On the
way up the stairs, the fireman was sickened by the smoke and Lt.
McCarthy sent him outside for some fresh air. Lt. McCarthy then
proceeded up the stairs to put water on the fire. It was later discovered
the material burning was jute rug padding encased in polyethylene. Lt.

McCarthy was forced back by the thick and noxious smoke and he retreated down the stairs and collapsed in the kitchen. Lt. McCarthy was taken outside by other firemen and given oxygen. Subsequently he was taken to Christ Community Hospital and treated for smoke inhalation. The day after his release from the hospital, Lt. McCarthy saw Dr. Cari, a physician for the Chicago Fire Department, who diagnosed his condition as a case of delayed smoke inhalation. Lt. McCarthy was sent to his own doctor who diagnosed his problem as being obstructive pulmonary disease, as did the Board's physician, Dr. Motto. Plaintiff filed an application with the Board for duty disability benefits. The Board denied this and granted occupational disease disability benefits. This meant the plaintiff would only receive 50% of his salary instead of 75% of his salary.

The plaintiff was not represented by counsel before the Board, but retained counsel and appealed the decision of the Board to the circuit court of Cook County. The circuit court of Cook County reversed the decision of the Board as being against the manifest weight of the evidence and ordered the plaintiff be granted duty disability benefits. The Board has appealed.

It has been uncontroverted before the Board, in the lower court, in the briefs and on oral argument here, that the Chicago Fire Department requires annual chest X rays for every man in the Department. It is the testimony of the Board's own physician he examined the plaintiff's X rays from 1969 to 1974, and there was no evidence of atelactasis of any significance before the incident of July 28. Dr. Motto agrees with the plaintiff's own physician and the Fire Department's physician there is presently evidence of obstructive pulmonary disease which makes it impossible for the plaintiff to function as a fireman. Dr. Motto agrees with the fact the noxious smoke from the fire of July 28 and resulting damage to the plaintiff's lungs is a cause of plaintiff's condition.

The law in Illinois is well settled, the decision of an administrative agency will not be overturned on review unless it is clearly against the manifest weight of the evidence. (*Peterson v. Board of Trustees of the Firemen's Pension Fund* (1973), 54 Ill. 2d 260; *Rydberg v. Quinn* (1977), 54 Ill. App. 3d 578.) In the instant case the Board's own physician testified there was no prior evidence of any disease on the lungs of the plaintiff in the five years previous to the injury of July 28. The Fire Department's physician called the injury one of the worst cases he had ever seen of delayed smoke inhalation. All the experts have agreed the plaintiff cannot return to the career he had followed for 26 years, compiling an excellent work and health record.

Two recent Illinois Supreme Court decisions are analogous to the instant case. The first case is *Illinois Valley Irrigation, Inc. v. Industrial Com.* (1977), 66 Ill. 2d 234, where the court stated:

"This court has held that evidence that the employee may have a preexisting heart condition does not render an award of compensation against the manifest weight of the evidence, where the Commission may legitimately have inferred from the evidence that the employee's occupational activity was a causative factor in accelerating his death." 66 Ill. 2d 234, 240.

The second case is *Atlantic & Pacific Tea Co. v. Industrial Com.* (1977), 67 Ill. 2d 137, where the court said:

"To constitute an accidental injury within the meaning of the Workmen's Compensation Act, it suffices if 'a workman's existing physical structure, whatever it may be, gives way under the stress of his usual labor'." 67 Ill. 2d 137, 141.

The trial judge is a learned and capable judge. We cannot say he abused his discretion in overturning the decision of the Board based on the evidence presented for review. The decision of the Board was clearly against the manifest weight of the evidence and we affirm the decision of the trial court.

Accordingly, for the reasons contained herein, the decision of the circuit court of Cook County is affirmed.

Affirmed.

ROMITI and LINN, JJ., concur.