No. 82-485

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

CHARLES J. ACKERMAN,

Claimant and Appellant,

-vs-

PIERCE PACKING CO., Employer,

and

INTERMOUNTAIN INSURANCE CO.,

Defendant and Respondent.

APPEAL FROM:  Workers' Compensation Court, The Honorable
Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Kelleher Law Offices; Robert C. Kelleher argued,
Billings, Montana

For Respondent:

Crowley Law Firm; Terry G. Spear argued, Billings,
Montana

Submitted:  June 7, 1983

Decided:  November 17, 1983

Filed: NOV 17 1983

*Ethel M. Harrison*

Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Claimant Charles J. Ackerman, appeals an order of the Workers' Compensation Court barring his claim for compensation because he had not notified his employer of the injury within 60 days of the injury. We reverse and hold that the notice to the employer was established on the day of the injury, December 22, 1980, by claimant telling the nurse of his accident, and we further hold that notice was established because the nurse had actual notice and can be considered for purposes of notification of injuries, as the managing agent.

Aside from the notice issue, claimant would also have this Court decide his case on the merits and fix his disability rating. Claimant also asks this Court to order cost reimbursement, attorney fees and the 20 percent penalty as provided for by statute. We decline to rule on these questions as they are properly questions for the Workers' Compensation Court to first decide.

Claimant injured his back while working at Pierce Packing Company when he was lifting a box containing pork loins. He went to the company nurse and reported his problem--that his back hurt--and she referred him to a doctor. She made no further inquiry as to when or how claimant injured his back. The doctor's report turned out to be a misdiagnosis--he found that the claimant suffered from prostatitis. Because the nurse did not believe that prostatitis was work related, she did not fill out and begin the processing of a compensation form.

However, claimant was later referred to an orthopedic specialist on February 25, 1981 (more than 60 days after the injury) and a back injury was then diagnosed. After learning of this diagnosis, the nurse prepared the compensation forms for the claimant and he signed them on March 4, 1981. The employer, however, contested liability on the ground that it had not been notified of the accident within 60 days as required by section 39-71-603, MCA.

This statute provides that in all cases other than a death claim the employer must be notified of the time and place of injury and the nature of injury--within 60 days of the injury. The statute also provides that notice to the employer can be satisfied if the employer or the employer's managing agent or superintendent in charge of the work has actual knowledge of the injury.

The trial court expressly found that claimant had told the company nurse on duty at the employer's premises, that he had injured his back that day while lifting a loin box at work. However, the court then found that this actual notice was not notice to "a managing agent or the employer, or a superintendent in charge of the work on which the claimant was engaged,. . ." and therefore that the notice could not constitute actual knowledge. Therefore, the claim for compensation was denied.

We conclude that the employer was given notice of the injury and that the employer had actual knowledge of the injury. The claimant came to the company nurse and complained of his injury, and she referred him to a doctor. Although it may be true that claimant did not provide her with the details of the injury, the nurse was free to obtain this information but did not do so. This failure cannot

operate to bar the claimant's claim, for the information was readily available to the nurse and to the employer upon the mere asking of the questions.

Several states have held that the notice to employer required in a Workers' Compensation case is satisfied by telling the company nurse. In Aluminum Co. of America v. Baker (Tenn. 1976), 542 S.W.2d 819, the court held that claimant's calling the company nurse was sufficient notice to the employer. In Hollingsworth v. Auto Specialties Mfg. Co. (Mich. 1958), 89 N.W.2d 431, the court held that reporting an injury to an industrial nurse on the date of its occurrence gave the employer sufficient notice. In Firestone Tire and Rubber Co. v. Workmen's Compensation Appeal Bd. (Penn. 1979), 396 A.2d 902, the court held that notice to an employer is complied with by reporting an accident to an employer's nurse. In Thrall Car. Mfg. Co. v. Industrial Commission (Ill. 1976), 356 N.E.2d 516, the court held that sufficient notice was given when the claimant told a company nurse that he had "trouble in his knees" and that he "wanted to see a doctor."

We have no doubt that notice was given to the employer under the first part of section 39-71-603, MCA, and if any defects existed in the information imparted to the nurse, those defects must be ascribed to the failure of the nurse, the company's agent, to obtain the necessary information.

We further hold that under the second part of the statute dealing with actual notice as another method of compliance with the notice requirement, the nurse can be held to be the managing agent insofar as notice of the injury is concerned. Nurses are present on the employer's premises to help workmen when they are injured, and no doubt they are in

a better position than anyone else not only to render immediate aid to the injured workman but also to obtain the necessary information concerning the time and place of the injury. To hold that actual knowledge of a company nurse would not be sufficient compliance with the statute would be to exalt form over substance. We must liberally construe the Workers' Compensation Act (section 39-71-104, MCA), and there is probably no area more important to apply a liberal construction than on the question of whether sufficient notice was given of the accident. A liberal construction here leads us to conclude that the company nurse was in effect the managing agent insofar as receipt of notice of injuries is concerned.

As we have already indicated, claimant's disability rating is not now properly before this Court, nor is his claim for costs, attorney fees and the statutory penalty.

The order of the Workers' Compensation Court is reversed and this cause is remanded for further consideration of the merits of the claim as well as the question of whether the employer must pay costs, attorney fees and the statutory 20 percent penalty.

_____
                Justice

We Concur:

_____
Chief Justice

_____

- 5 -

*John Conway Harrison*

—————————————————————
Justices

Mr. Justice L.C. Gulbrandson dissenting.

I respectfully dissent.

Section 39-71-603, MCA, reads as follows:

> "Notice of injuries other than death to be submitted within sixty days. No claim to recover benefits under the Workers' Compensation Act, for injuries not resulting in death, may be considered compensable unless, within 60 days after the occurrence of the accident which is claimed to have caused the injury, notice of the time and place where the accident occurred and the nature of the injury is given to the employer or the employer's insurer by the injured employee or someone on the employee's behalf. Actual knowledge of the accident and injury on the part of the employer or the employer's managing agent or superintendent in charge of the work upon which the injured employee was engaged at the time of the injury is equivalent to notice."

In the case of Hartl v. Big Sky of Mont., Inc. (1978), 176 Mont. 540, 579 P.2d 1239, this Court construed Section 39-71-603, MCA, and found that, "In the instant case, the information was conveyed to the agents specified in the statute, and they thereby acquired actual knowledge of the accident and the injury." (emphasis supplied)

In the earlier case of Maki v. Anaconda Copper Min. Co. (1930), 87 Mont. 314, 287 P. 170, the claimant had attempted to present his claim to the company through its claim agent and safety engineer. This Court stated:

> "Again, the record fails to show that any information imparted by the claimant to the safety engineer was communicated to the 'employer, managing agent or superintendent.' Of course, a corporation can only have such actual knowledge as is possessed by its agents, but our statute declares, in this instance, the actual knowledge of what agents shall be deemed the knowledge of the employer."

- 7 -

". . .

"We agree that provisions of the Compensation Act should be given a liberal construction in order to do justice, and, for this reason, we have gone to greater lengths than did his learned cousel in seeking to discover in the record some evidence on which we could say that the claimant showed either timely written notice, or its equivalent of actual knowledge on the part of those persons enumerated in the statute, but have found no evidence on which we can relieve the claimant from the declared result of his own neglect.

"No rule of construction can justify the disregard of the plain mandate of the law. 'In the construction of a statute the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted." (emphasis supplied)

Here, claimant Ackerman testified regarding a previous injury while employed at Pierce, as follows:

"Q. And in October of 1977, you were off work for approximately a week with a neck injury; is that correct?

"A. Yes.

"Q. And you did not initially report that you'd injured your neck to anyone?

"A. Not that day it happened.

". . .

"Q. As a result of that, there was some problem about whether it was an industrial accident?

"A. Right.

"Q. After that, I imagine you were pretty faithful about reporting injuries?

"A. I tried to be, yeah."

The claimant further testified:

(a) That in February, 1979, he hurt his back when a barrell slipped off a pallet and that he reported it to his

- 8 -

supervisor;

(b) that in May, 1979, he strained a back muscle lifting bags of sugar, reported it to his supervisor and received benefits;

(c) that in October, 1979, he had stomach pains at work and immediately reported the incident;

(d) that in July, 1980, he pulled a back muscle, reported the incident the same day to his supervisor and received treatments from Dr. Cabberra.

Regarding the December 22, 1980, incident, the claimant testified that he told the company nurse that his back hurt while lifting boxes; that she told him to see his family physician, Dr. Cabberra; that his doctor treated him for approximately two months for an infected prostate; that he was then referred to a urologist who referred the claimant to Dr. Daniels, who recommended exercises and physical therapy; that in June, 1981, the claimant requested a leave of absence from Pierce because he had secured a position as landman with a different company.

In my view, the claimant had knowledge of the required reporting procedures from past personal experience. He neither reported the incident to a specified agent, nor gave notice within sixty days to the employer.

Based upon the facts of this case, and the prior decisions of this Court, I would affirm the decision of the Workers' Compensation Judge.

_____
Justice

- 9 -